UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-09053-CAS-PLAx | Date | May 1, 2019 |
|---|---|---|---|
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT (Dkt. 12, filed March 4, 2019)

## I.   INTRODUCTION

On October 21, 2018, plaintiffs Rebecca Cooley, Benjamin Hubert, and Casimir Zaroda filed the instant class action complaint against defendant City of Los Angeles (the "City") and Does 1 through 10.  Dkt. 1 ("Compl.").  Plaintiffs are unhoused persons who lived on or around 3rd Avenue and Rose Avenue in the Venice neighborhood of Los Angeles.  This action concerns an "area cleaning" performed by the City on September 15, 2017, wherein the City allegedly threw away plaintiffs' essential belongings over their objections.  Plaintiffs allege claims on behalf of themselves and a class of approximately 60 individuals who also resided in the same area at the same time this incident occurred for: (1) violation of plaintiffs' federal and state constitutional right to be secure from unreasonable seizures; (2) violation of the takings clause of the federal and state constitutions; (3) violation of plaintiffs' federal and state constitutional right to due process of law; (4) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; (5) violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51; (6) violation of the Bane Civil Rights Act, Cal. Civ. Code § 52.1; and (7) violation of California Civil Code section 2080 et seq.

On March 4, 2019, the City filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6).  Dkt. 9 ("Mot.").  Plaintiffs filed an opposition on April 8, 2019.  Dkt. 16 ("Opp'n").  The City filed a reply on April 15, 2019.  Dkt. 19 ("Reply").

The Court held a hearing on April 29, 2019.  After carefully considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-09053-CAS-PLAx | Date | May 1, 2019 |
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

## II. BACKGROUND

The following factual allegations are taken from plaintiffs' complaint.

### A. The Parties

Plaintiffs Cooley, Hubert, and Zaroda are unhoused individuals who were residing on the sidewalk at 3rd Avenue and Rose Avenue in the Venice neighborhood in the City of Los Angeles in September 2017. Compl. ¶¶ 9, 11, 15. Cooley and Hubert are married. Id. ¶ 7. Cooley suffers from Crohn's disease, which limits her ability to perform essential daily living activities. Id. ¶ 6.

Defendant City of Los Angeles is alleged to include the Los Angeles Police Department ("LAPD"), the Department of Public Works, and the Bureau of Sanitation. Id. ¶ 17.

### B. The September 15, 2017 "Area Cleaning"

On the morning of September 15, 2017, City employees arrived at the area of 3rd Avenue and Rose Avenue in the Venice neighborhood of Los Angeles and began an "area cleaning" of the sidewalks. Id. ¶ 19. Although the City had, over the past two years, consistently posted signs providing three-days' notice prior to any area cleanings, this particular sweep was not noticed. Id. ¶ 20. Due to the lack of notice, plaintiffs were not able to pack up their belongings and move them temporarily to another location while the cleaning of Third Avenue took place. Id.

That morning, approximately 60 unhoused individuals were staying in the 3rd Avenue area. Id. ¶ 22. Zaroda, who was familiar with the City's practices during area cleanings, moved his property from 3rd Avenue to Rose Avenue in an abundance of caution. Id. ¶ 24. He neatly wrapped his belongings with a tarp and bungee cords to show that his belongings were not trash nor abandoned. Id. As he was moving his property, Zaroda observed Public Works employees and LAPD officers driving past the intersection of 3rd and Rose Avenues. Id. Around approximately 11:00AM, city employees began closing off 3rd Avenue and Rose Avenue with yellow caution tape. Id. Residents of that area were prevented from entering the area as City employees conducted their cleaning. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:18-cv-09053-CAS-PLAx | Date | May 1, 2019 |
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

Cooley and Hubert were eating breakfast that morning at a nearby restaurant that caters to unhoused individuals. Id. ¶ 25. When they returned to 3rd Avenue, they found LAPD officers and Departments of Public Works employees in the process of throwing away property that was on the sidewalks. Id. When Cooley and Hubert attempted to retrieve their personal belongings, LAPD officers told them that they would only be permitted to enter the taped-off area to retrieve what they could carry in one trip. Id. Cooley explained that she could not carry any heavy items due to her physical limitations, and asked if her husband could take some of her essential items for her, including her bike, sleeping bag, and tent. Id. LAPD officers told Hubert that he could only take what he could fit in a 60-gallon trash bag and only allowed them to take one sleeping bag between the two of them. Id. Zaroda was also able to convince an LAPD officer to allow him to take some of his belongings. Id. ¶ 27. He found his neatly packed property strewn about and was blocked from recovering all of his belongings although they were readily available. Id.

Plaintiffs objected to City employees about the seizure of their property, and they watched as their remaining property was taken by Public Works employees, thrown into a large trash truck with a garbage compressor, and immediately destroyed. Id. ¶ 29. Zaroda lost items that were important to him, including his transit pass. Id. Cooley and Hubert lost a bike trailer that was used to transport their belongings during the day, two tents, sleeping bags, clothes, essential paperwork, and non-perishable food. Id. ¶ 30. The loss of these items created a hardship for plaintiffs as they had to find donated blankets, tents, and sleeping bags to protect themselves from the elements at night. Id.

Plaintiffs made some inquiry about recovering property that might have been stored by the City instead of destroyed. Id. ¶ 33. The City provided an address on Towne Avenue where they could make that inquiry, and that location on Towne Avenue is more than 20 miles away from the Venice neighborhood. Id. ¶ 33. This location was allegedly inaccessible to Zaroda, whose transit pass was seized during the area cleaning, and it was allegedly inaccessible by Cooley due to her disability. Id. ¶ 33.

Plaintiffs allege that the City of Los Angeles has a policy, practice, or custom of conducting sweeps for the purpose of confiscating and immediately destroying the property of homeless individuals. Id. ¶ 35. Plaintiffs allege that the City has been sued before based on these types of sweeps in the Venice neighborhood, and that the City was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  **'O'**

| Case No. | 2:18-cv-09053-CAS-PLAx | Date | May 1, 2019 |
|---|---|---|---|
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

previously enjoined by the United States District Court for the Central District of California for engaging in the same conduct in the Skid Row area.  Id. ¶ 38.

### III.  LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  This policy is applied with "extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); Moss,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-09053-CAS-PLAx | Date | May 1, 2019 |
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

572 F.3d at 972.  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity."  See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.).  "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim."  Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery."  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

## IV.  DISCUSSION

The City moves to dismiss plaintiffs' constitutional claims and their state law claims.  The Court discusses each claim in turn below.

### A.  Plaintiffs' Constitutional Claims

Plaintiffs allege that the City and its employees and agents violated their constitutional rights when the City confiscated and then destroyed their property without: (1) obtaining a warrant in violation of the Fourth Amendment; (2) providing compensation in violation of the takings clause of the Fifth Amendment; and (3) providing due process in violation of the Fifth Amendment.  Compl. ¶¶ 48, 53, 58.  The City moves to dismiss plaintiffs' constitutional claims because: (1) plaintiffs have failed to state facts supporting liability under Monell v. Dep't of Social Services of City of New York, 436 U.S. 658 (1978); and (2) plaintiffs have failed to plead enough facts to provide fair notice to the City of its allegedly unconstitutional conduct.  Mot. at 7–13.  The City also seeks to dismiss plaintiffs' Fifth Amendment claim on ripeness grounds.  Id. at 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-09053-CAS-PLAx | Date | May 1, 2019 |
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

### i.   <u>Monell</u> Liability under Section 1983 and Fair Notice

A government entity may be held liable under 42 U.S.C. § 1983 if a "policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." <u>Dougherty v. City of Covina</u>, 654 F.3d 892, 900 (9th Cir. 2011) (citing <u>Monell v. Dep't of Soc. Servs. Of the City of New York</u>, 436 U.S. 658, 694 (1978)).  A policy or custom may be shown through: (1) "a longstanding practice or custom, which constitutes the standard operating procedure" of the municipality; (2) the decision of a municipal official who has "final policymaking authority"; or (3) when an official with final decision-making authority ratifies the decision of a subordinate. <u>Avalos v. Baca</u>, 596 F.3d 583, 587–88 (9th Cir. 2010).

Here, the Court finds that plaintiff has sufficiently alleged that the City has a longstanding practice of discarding the property of unhoused individuals without obtaining a warrant or providing due process.  Plaintiffs allege that the City has been sued in the past based on the same conduct in multiple Los Angeles neighborhoods and that the plaintiffs themselves were aware of the City's practices such that they would take precautions to ensure that their property would not be seized and discarded by the City during area cleanings.  Compl. ¶¶ 3, 4, 22, 23.

The City's arguments to the contrary are inapposite.  First, the City argues that plaintiffs have "pled themselves out of a <u>Monell</u> claim against the City" because plaintiffs allege that the City had previously posted notices ahead of area cleanings.  Mot. at 10.  This argument fails because the gravamen of plaintiffs' claim is not that the City failed to provide notice ahead of the area cleaning but that the City has a "policy, practice, or custom of conducting sweeps for the purpose of confiscating and immediately destroying the property of homeless individuals[.]"  Compl. ¶ 35.  Plaintiffs' allegations sufficiently describe the allegedly unconstitutional policy, practice, or custom. Whether this incident was isolated versus widespread, or whether the regular provision of notice remedied the City's allegedly unconstitutional practice, are issues better decided on a more developed factual record.

The City also argues that plaintiffs have not alleged facts upon which this Court can infer that plaintiffs were subjected to unconstitutional conduct the morning of September 15, 2017.  Mot. at 12.  Plaintiffs base this argument on the fact that the City has amended an ordinance, Los Angeles Municipal Code section 56.11, in response to a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-09053-CAS-PLAx | Date | May 1, 2019 |
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

preliminary injunction order in Lavan v. City of Los Angeles, 797 F. Supp. 2d 1005 (C.D. Cal. 2011).  Section 56.11 sets out a procedure in which the City may, after providing written notice, impound personal property which has been stored in public areas.[1]  LAMC § 56.11(4).  Any impounded personal property may be discarded if not claimed within 90 days after impoundment.  LAMC § 56.11(5)(b).  Personal property which poses an immediate threat to the health or safety of the public, as well as bulky items, may be removed without prior notice and discarded.  LAMC § 56.11(3)(g),(i).  The City argues that the implementation of this ordinance precludes plaintiffs' suit.  This argument fails because plaintiffs allege that their personal belongings, some of which was not bulky, hazardous debris, or trash, were thrown into a garbage truck and destroyed in a manner inconsistent with the procedure set forth in section 56.11.  Thus, despite the enactment of section 56.11, plaintiffs have sufficiently alleged that the City has a practice of destroying the personal property of unhoused individuals in violation of the Fourth and Fifth Amendments, as well as section 56.11.  See Price v. Sery, 513 F.3d 962, 972 (9th Cir. 2008) (holding that there was a genuine issue of material fact as to whether the city's interpretation of its policy governing the use of lethal force by police officers constituted a longstanding custom or practice in violation of the Fourth Amendment, even if the policy itself was facially constitutional).

     Finally, the City argues that plaintiffs' constitutional claims fail on Rule 8(a) grounds because plaintiffs have failed to identify whether the relevant tortfeasors were sanitation employees, LAPD employees, or City contractors.  Mot. at 13.  The Court finds this argument unavailing because plaintiffs have provided enough information for the City to ascertain which of its employees were involved with the area cleaning at issue.  Plaintiffs cannot be expected to know the exact identities of all those involved at the

---

[1]    The City requests judicial notice of LAMC § 56.11.  Dkt. 13-1.  Federal Rule of Evidence 201 permits a Court to take judicial notice of a "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Municipal ordinances are proper subjects for judicial notice under Rule 201(b).  See Tollis Inc. v. County of San Diego, 505 F.3d 935, 938 n.1 (9th Cir. 2007).  Accordingly, the Court grants the City's request for judicial notice of LAMC § 56.11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-09053-CAS-PLAx | Date | May 1, 2019 |
|---|---|---|---|
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

pleading stage, particularly when the City is in a better position to ascertain those identities.

### ii. Plaintiffs' § 1983 Claim Based on the Fifth Amendment Takings Clause

Plaintiffs allege that the City violated the Fifth Amendment when it "seized and destroyed Plaintiffs' property without offer or opportunity for compensation[.]" Compl. ¶ 53. The City argues that this claim should be dismissed because plaintiffs do not allege that their property was taken for public use and because plaintiffs did not seek compensation through state procedures. Mot. at 13. Although the parties direct their argument at whether the property must be used by the government to constitute a "taking" under the Fifth Amendment, the Court finds resolution to be appropriate on the issue of whether the destruction of personal property during an area cleaning constitutes an exercise of the government's powers of eminent domain.

The scope of the "public use" requirement of the takings clause is "coterminous with the scope of the sovereign's police powers." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 240 (1984). The takings clause only "requires compensation *in the event of otherwise proper interference amounting to a taking*." Lingle v. Chevron U.S.A., Inc., 544 U.S. 528, 543 (2005) (emphasis in original) (internal quotation marks and citation omitted). "The unlawful seizure of property therefore does not constitute 'public use.'" Mateos-Sandoval v. County of Sonoma, 942 F. Supp. 2d 890, 912 (N.D. Cal. 2013). Nor is the takings clause triggered when property has been seized "under the exercise of governmental authority *other than the power of eminent domain*." Bennis v. Michigan, 516 U.S. 442, 452–53 (1996) (emphasis added) (holding that a state law permitting forfeiture of property constituting a public nuisance does not require the government to pay just compensation).

Here, plaintiffs allege that City employees were "intentional in failing to protect and preserve Plaintiffs' property and that, at a minimum, were deliberately indifferent to the likely consequence that the property would be taken unlawfully, and without just compensation . . ." Compl. ¶ 55. Plaintiffs thus allege that the City's seizure of their property was unlawful rather than a proper interference with plaintiffs' property requiring just compensation. And even if plaintiffs had alleged that the City's seizure of their property was lawful, there are no factual allegations suggesting that the City seized

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-09053-CAS-PLAx | Date | May 1, 2019 |
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

plaintiffs' property pursuant to its powers of eminent domain.  Thus, it does not appear that a takings claim is viable based on the nature of the allegations in plaintiffs' complaint.  See Sanchez, 914 F. Supp. 2d at 1106 (E.D. Ca. 2012) (dismissing takings clause claim after finding that the seizure and destruction of a homeless resident's personal property as part of the city's efforts to clean up homeless encampments did not trigger takings liability); Mateos-Sandoval, 942 F. Supp. 2d 890 (N.D. Cal. 2013) (dismissing takings clause claim after finding that the impoundment of the plaintiffs' vehicles did not constitute a takings within the meaning of the Fifth Amendment).

The Court does not reach the issue of whether plaintiffs' takings clause is unripe for failure to seek compensation through state procedures.  Because plaintiffs do not adequately allege the grounds upon which the City seized their property, it is unclear what state procedures, if any, are available to the plaintiffs to seek compensation.

Accordingly, the Court **DISMISSES** without prejudice plaintiffs' takings clause claim.

### C.     Plaintiff Cooley's ADA and Unruh Civil Rights Act Claims

Plaintiff Cooley claims that the City violated Title II of the ADA and the Unruh Act when it: (1) engaged in a policy and practice of "seizing and destroying [her and other similarly situated individuals'] essential papers, mode of transportation, and other important items [and] have utilized methods of administration that violate [their] rights on the basis of their disabilities," Compl. ¶ 65; and (2) placed a storage facility for the seized property more than 20 miles away from where she lived, which was inaccessible to her due to her disability, id. ¶¶ 33, 69.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To state a claim for violation of Title II of the ADA, a plaintiff must allege: "(1) [she] is a 'qualified individual with a disability'; (2) [she] was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) *such exclusion, denial of benefits, or discrimination was by reason of [her] disability*."  Weinreich v. Los Angeles Cty. Metropolitan Transp. Authority, 114 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-09053-CAS-PLAx | Date | May 1, 2019 |
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

976, 978 (9th Cir. 1997) (emphasis in the original).  The duty to provide a reasonable accommodation under the ADA arises only when a plaintiff's exclusion from participation in a public entity's services, programs, or activities was "solely by reason of disability."  Id. at 978–79.  The Unruh Act similarly prohibits discrimination based on disability and provides that "[a] violation of the right of any individual under the American with Disabilities Act . . . shall also constitute a violation of this section."  Cal. Civil Code § 51(f).

The Court finds that plaintiffs have not satisfied Rule 8(a) with respect to their claims based on disability discrimination.  First, plaintiffs do not clearly allege how the destruction of plaintiff Cooley's property constitutes a violation of the ADA or the Unruh Act.  To the extent that plaintiffs contend that the City discriminated against Cooley by failing to provide her with a reasonable accommodation during the area cleaning, see Opp'n at 9–10, this theory is not clear on the face of the complaint.  And with respect to the storage facility, it appears that plaintiff Cooley does not have standing to assert an ADA or Unruh Act claim based on the location of the storage facility as she alleges that she witnessed all her belongings get thrown away.  Compl. ¶ 29.  As none of Cooley's allegations suggest that her possessions ended up in a storage facility, the location of the storage facility appears to be irrelevant for purposes of this action.

Accordingly, the Court **DISMISSES** without prejudice plaintiffs' ADA and Unruh Act claims.

### D. Plaintiffs' Bane Civil Rights Act Claim

California Civil Code section 52.1(a), also known as the Tom Bane Civil Rights Act, prohibits "a person or persons, whether or not acting under color of law, [from] interfer[ing] by threats, intimidation, or coercion, or [from] attempt[ing] to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state. . . ."  Cal. Civ. Code § 52.1(a). Plaintiffs allege that the City violated the Bane Act because its agents and employees "used arrests, threats of arrest and intimidation to interfere with Plaintiffs' [constitutional and statutory] rights to maintain their personal possessions[.]"  Compl. ¶ 78.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-09053-CAS-PLAx | Date | May 1, 2019 |
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

Two elements are required to state a Bane Act claim: "(1) intentional interference or attempted interference with a state or federal constitutional or legal right; and (2) the interference or attempted interference was by threats, intimidation or coercion." McFarland v. City of Clovis, 163 F. Supp. 3d 798, 806 (E.D. Cal. 2016) (citing Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (2015)). Plaintiffs allege that "when individuals who were there tried to move their property within the taped off area on Rose, they were told they would be arrested if they crossed the police tape." Id. ¶ 27. The City argues that plaintiffs' Bane Act claim must fail because the complaint lacks any allegation that the City directed any threats of arrest or intimidation towards any of the named plaintiffs.

Although plaintiffs purport to represent a class of similarly situated individuals, plaintiffs must nonetheless demonstrate that at least one named plaintiff was injured by the City's conduct. See Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (at least one named plaintiff must satisfy the actual injury component of standing to seek relief on behalf of the class). Here, the named plaintiffs do not allege that the LAPD arrested, threatened to arrest, or otherwise intimidated any of them. Thus, plaintiffs appear to lack standing to assert a Bane Act claim.

Accordingly, the Court **DISMISSES** without prejudice plaintiffs' Bane Act claim.

### E.     Plaintiffs' Section 2080 Claim

Section 2080 of the California Civil Code provides that "[a]ny person who finds a thing lost . . . [and] take[s] charge of it he or she is thenceforward a depository for the owner." Cal. Civ. Code § 2080. Any such person "shall, within a reasonable time, inform the owner, if known, and make restitution without compensation, except a reasonable charge for saving and taking care of the property." Id. In the event the owner is unknown, and the value of the property is over $100, the property is to be turned over to the police or sheriff's department, and the police or sheriff's department is to restore the property to the owner if the owner (a) appears within 90 days of the police or sheriff's receipt of the property, (b) proves ownership, and (c) pays all reasonable charges. Cal. Civ. Code §§ 2080.1, 2080.2.

Here, plaintiffs allege that the City violated section 2080 when its "agents and employees failed to protect and preserve Plaintiffs' personal property when the property

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  **'O'**

| Case No. | 2:18-cv-09053-CAS-PLAx | Date | May 1, 2019 |
|---|---|---|---|
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

was on the public sidewalk, failed to provide written notice that the property would be taken, and failed to provide post-deprivation notice so that Plaintiffs would have the opportunity to reclaim it within a reasonable time." Compl. ¶ 81. The City argues that plaintiffs fail to state a claim under section 2080 because it is unclear whether the City took possession of any property, whether that property exceeded $100 in value, and whether the City actually failed to store the property for 90 days. Mot. at 25. These arguments lack merit because plaintiffs adequately allege that the City took "charge" of their property, and instead of acting as a depository for that property, the City promptly destroyed it while plaintiffs stood by and objected. These actions are sufficient to state a claim for violation of section 2080. See Lavan v. City of Los Angeles, 797 F. Supp. 2d 1005, 1016 (C.D. Cal. 2011) ("[A]ssuming *arguendo* that the City had a valid reason to seize Plaintiffs' unabandoned property under the LAMC, its conduct of immediately destroying the property rather than holding it pursuant to Cal. Civ Code § 2080 turns what could have been an otherwise lawful seizure into an unlawful one by forever depriving the owner of his or her interests in possessing the property without recourse, in violation of § 2080, and without a sufficient governmental interest."). The City's argument regarding the value of plaintiffs' property is better resolved on a more developed factual record.

Accordingly, the Court declines to dismiss plaintiffs' section 2080 claim.

## IV.   CONCLUSION

In accordance with the foregoing, the Court hereby **DENIES** the City's motion to dismiss plaintiffs' first and third claims for violation of section 1983 based on the Fourth, Fifth, and Fourteenth Amendments.

The Court **GRANTS** the City's motion to dismiss plaintiffs' second claim for violation of the takings clause of the Fifth Amendment.

The Court **GRANTS** the City's motion to dismiss plaintiffs' fourth and fifth claims for violation of the ADA and the Unruh Act based on disability discrimination.

The Court **GRANTS** the City's motion to dismiss plaintiff's sixth claim for violation of the Bane Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   **'O'**

| Case No. | 2:18-cv-09053-CAS-PLAx | Date | May 1, 2019 |
|---|---|---|---|
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

The Court **DENIES** the City's motion to dismiss the plaintiff's seventh claim for violation of California Civil Code section 2080.

Plaintiffs shall have 21 days to file an amended complaint.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |