MICHAEL N. FEUER, City Attorney
JAMES P. CLARK, Chief Deputy City Attorney (SBN 64780)
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Telephone: (213) 978-7558
Facsimile: (213) 978-7011
gabriel.dermer@lacity.org
Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| REBECCA COOLEY, BENJAMIN HUBERT and CASIMIR ZARODA, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF LOS ANGELES, a municipal entity; Does 1-10,<br><br>Defendants. | No. CV 18-09053 CAS (PLAx)<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Hearing Date: August 5, 2019<br>Time: 10:00 a.m.<br>Ctrm: First Street Courthouse, 8D<br><br>HON. CHRISTINA A. SNYDER<br>United States District Judge |

I.  INTRODUCTION

Despite Plaintiffs' opposition, the FAC's disability claims must be dismissed. The issue is not one of reasonable accommodation, as Plaintiffs would have it; rather, the issue presented by the FAC is whether Ms. Cooley was denied a City service or program *because of* her disability. More importantly, the FAC asserts Ms. Cooley was accommodated to the extent she was permitted to enter into a taped-off area to retrieve her things. And because Plaintiffs do not have ADA claims, they likewise cannot present a claim under the Unruh Act. Further, the City struggles with homelessness as a governmental entity, not as a business establishment. Finally, Plaintiffs misread *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 447 (2004) and their Bane Act claim should be dismissed.

II.  ARGUMENT

### A. Plaintiffs Have No Claim Under The ADA Or State Disability Discrimination Laws

As this Court noted in its prior dismissal of Plaintiffs' ADA and Unruh claims, it is not enough for Plaintiffs to allege that they had a disability and were denied benefits or a reasonable accommodation; Plaintiffs must also allege facts showing that the alleged denial was "solely by reason of disability." (5/1/19 Order, Dkt 21 at p.10) (*quoting Weinreich v. Los Angeles Cty. Metropoloitan Transp. Authority*, 114 F.3d 976, 978-79.) Like the initial Complaint, the FAC fails to allege any such facts. Indeed, the FAC alleges that LAPD did, in fact, accommodate Plaintiff: LAPD officers permitted Ms. Cooley and her husband "to enter the taped-off area to retrieve what they could carry in one trip." (FAC, Dkt. 24 at 9:8-10.) Moreover, there remains the total absence of an allegation that other, non-disabled, individuals were permitted to enter the taped-off area or recover more than what Ms. Cooley and her husband were permitted to recover. It also remains the case that the City program, service or activity at issue here is sidewalk clearing and cleaning, and the FAC is devoid of any allegations that give rise to a plausible inference that people with disabilities are treated differently in that regard—

1

and certainly no allegations show that any such conduct was undertaken *because* of any disability.[1] For these reasons, there is no plausible claim of disability discrimination asserted in the FAC.

Likewise, the FAC (like the original complaint) does not allege that Ms. Cooley's property was stored at an inaccessible storage facility, or that she attempted to access the hypothetical facility. (*See* 5/1/19 Order, Dkt 21 at p.10.) It is axiomatic that there can be no ADA claim concerning access to a facility where the plaintiff did not attempt to access that facility. Given the FAC's allegation that Ms. Cooley was offered an accommodation, and the FAC's failure to allege any actual discrimination on the basis of disability, the ADA and Unruh claims should be dismissed with prejudice.

The Unruh claim should also be dismissed because Cal. Civ. Code section 51 prohibits a "business establishment" from discriminating against "persons within the jurisdiction of this state" based upon "their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation." Aside from the fact that no facts show that City discriminated against Ms. Cooley *based on* her disability (or otherwise), the City is plainly not acting as a business establishment as it struggles to balance the rights of homeless people and City residents and the public at large. (*See* RJN, Dkt. 13-1, Ex. A (LAMC § 56.11).) As even Plaintiffs appear to concede, a municipality carrying out its legislative functions is not a business establishment under the Unruh Act. (*See* Opp. at 7:4-12.) Neither the FAC nor the opposition plausibly establishes how a city discharging its duty to protect the health and safety of the community by conducting sidewalk cleanings is acting like a business establishment. For all these reasons, Plaintiff's Unruh claims should be dismissed.

### B. Plaintiffs' Bane Act Claim Should Be Dismissed

Plaintiffs' opposition does not dispute the Bane Act arose out of an alarming

---

[1] And fundamentally, no one, even a person with a disability, has the right to have *all* their personal belongings on the City's sidewalks.

2

1  increase in hate crimes. *Gabrielle A. v. County of Orange*, 10 Cal. App. 5th 1268, 1290
2  (2017).  In response to having their original Bane Act claim dismissed, Plaintiffs have
3  added "specific facts" they argue support such a claim.  (Opp., Dkt. 30 at 8:17.)  The
4  problem for Plaintiffs is that for all state law claims, including the Bane Act, compliance
5  with the claims requirements set forth in the California Government Code is required.
6  Plaintiffs have failed to satisfy this requirement.
7      As discussed in the City's motion, the FAC states that an officer told Ms. Cooley
8  she would be arrested if she did not move away from the area and threatened to pepper
9  spray her.  Yet in her government claim, in which she was required to state the material
10 facts and provide sufficient notice of the theories of liability, she made no reference at all
11 to threats of arrest or intimidation by any police officer, much less a threat to use pepper
12 spray on her.  (*See* RJN, Dkt. 13-1, Ex. B).  There is no merit to Plaintiffs' argument that
13 they satisfied the Government Claims Act by presenting information about the Fourth
14 Amendment.  (Opp. at 10:4-7.)  While the claim does mention the Bane Act, it does so
15 merely as a legal conclusion and states no facts to support it.  Indeed, the claim does not
16 contain the words arrest, threat or anything similar.  To the contrary, it states only that
17 LAPD officers "were present."  (*See* RJN, Dkt. 13-1, Ex. B).
18     Plaintiffs attempt to analogize themselves to the plaintiff in *Stockett* likewise fails.
19 In that case, the plaintiff "notified JPIA of his wrongful termination cause of action, in
20 compliance with section 954.4's command that each 'cause of action' be presented by
21 notice of claim." *Stockett*, 34 Cal. 4th at 447.  Plaintiffs here, by contrast, seek to assert a
22 "cause of action" without giving the City the requisite notice of the alleged facts
23 supporting it.  And a fundamental purpose of the Claims Act is to permit the public
24 entity to "make an early investigation of the facts on which the claim is based," (*see*
25 *Lozada v. City & Cty. Of S.F.*, 145 Cal.App.4th 139, 1151 (2006)), a government claim
26 that fails to allege any facts suggesting the use of threats, intimidation or coercion,
27 cannot satisfy the Claims Act requirement.  Mentioning a cause of action without
28 specifying the facts on which the claim may be based does not satisfy the notice

requirement underpinning the Claims Act. Accordingly, Plaintiffs' Bane Act Claim should be dismissed.

### III. CONCLUSION

For the reasons stated above and in their Motion, Defendant respectfully requests that the Court grant their Motion to Dismiss and dismiss the Third, Fourth and Fifth Causes of Action asserted in the Plaintiffs' First Amended Complaint.

Dated: July 22, 2019

Respectfully submitted,

/s/ Gabriel S. Dermer
GABRIEL S. DERMER
Assistant City Attorney

Attorneys for Defendant
City of Los Angeles