UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:18-cv-09053-CAS-PLA | Date | August 5, 2019 |
|---|---|---|---|
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Monique Alarcon | Gabriel Dermer |
| Carol Sobel | |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS THIRD, FOURTH, AND FIFTH CLAIMS FOR RELIEF IN PLAINTIFFS' FIRST AMENDED COMPLAINT (Dkt. 28, filed June 28, 2019)

## I.   INTRODUCTION

On October 21, 2018, plaintiffs Rebecca Cooley, Benjamin Hubert, and Casimir Zaroda filed the instant class action complaint against defendant City of Los Angeles (the "City") and Does 1 through 10. Dkt. 1. Plaintiffs are unhoused persons who lived on or around 3rd Avenue and Rose Avenue in the Venice neighborhood of Los Angeles. This action concerns an "area cleaning" performed by the City on September 15, 2017, wherein the City allegedly threw away plaintiffs' essential belongings over their objections.

On March 4, 2019, the City filed a motion to dismiss plaintiffs' claims pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). Dkt. 12. The Court granted in part and denied in part the City's motion to dismiss. Dkt. 21. Plaintiffs filed a first amended complaint on May 22, 2019. Dkt. 24 ("FAC"). Plaintiffs allege claims on behalf of themselves and a class of approximately 60 individuals who also resided in the same area at the same time this incident occurred for: (1) violation of plaintiffs' federal and state constitutional right to be secure from unreasonable seizures; (2) violation of plaintiffs' federal and state constitutional right to due process of law; (3) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; (4) violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51; (5) violation of the Bane Civil Rights Act, Cal. Civ. Code § 52.1; and (6) violation of section 2080 of the California Civil Code.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-09053-CAS-PLA | Date | August 5, 2019 |
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

On June 28, 2019, the City filed a motion to dismiss plaintiffs' third, fourth, and fifth claims for relief pursuant to Rules 8(a) and 12(b)(6). Dkt. 28 ("Mot."). Plaintiffs filed an opposition on July 15, 2019. Dkt. 30 ("Opp'n"). The City filed a reply on July 22, 2019. Dkt. 31 ("Reply").

The Court held a hearing on August 5, 2019. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

The following factual allegations are taken from plaintiffs' first amended complaint.

### A.    The Parties

Plaintiffs Cooley, Hubert, and Zaroda are unhoused individuals who were residing on the sidewalk at 3rd Avenue and Rose Avenue in the Venice neighborhood of the City of Los Angeles in September 2017. FAC ¶¶ 9, 11, 15. Cooley and Hubert are married. Id. ¶ 7. Cooley suffers from Crohn's disease, celiac disease, and a hernia. Id. ¶ 6. Her disabilities require her to take special nutritional supplements. Id.

Defendant City of Los Angeles is alleged to include the Los Angeles Police Department ("LAPD"), the Department of Public Works, and the Bureau of Sanitation. Id. ¶ 16.

### B.    The September 15, 2017 "Area Cleaning"

On the morning of September 15, 2017, City employees arrived at the area of 3rd Avenue and Rose Avenue and began an "area cleaning" of the sidewalks. Id. ¶ 19. Plaintiffs allege that although a notice of the area cleaning was posted, the notice covered a broad area of Venice and did not provide any information about what time particular locations would be subject to the area cleaning. Id. ¶ 21. And because this notice covered several square miles, plaintiffs were left with no place to safely move their property during the area cleaning. Id.

That morning, approximately 60 unhoused individuals were staying in the 3rd Avenue area. Id. ¶ 23. Zaroda, who had seen City employees destroy the property of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-09053-CAS-PLA | Date | August 5, 2019 |
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

unhoused individuals on multiple occasions, moved his property from 3rd Avenue to Rose Avenue in an abundance of caution. Id. ¶ 24. He neatly wrapped his belongings with a tarp and bungee cords to show that his belongings were not trash nor abandoned. Id. ¶ 25. As he was moving his property, Zaroda observed Public Works employees and LAPD officers driving past the intersection of 3rd and Rose Avenues. Id. Around approximately 11:00AM, City employees began closing off 3rd Avenue and Rose Avenue with yellow caution tape. Id. Residents of that area were prevented from entering the area as City employees conducted their cleaning. Id.

Cooley and Hubert were eating breakfast that morning at a nearby restaurant that caters to unhoused individuals. Id. ¶ 26. When they returned to 3rd Avenue, they found LAPD officers and Departments of Public Works employees in the process of throwing away property that was on the sidewalks. Id. When Cooley and Hubert attempted to retrieve their personal belongings, LAPD officers told them that they would only be permitted to enter the taped-off area to retrieve what they could carry in one trip. Id. Cooley explained that she could not carry any heavy items due to her disability and physical limitations and asked if her husband could take some of her essential items for her, including her bike, sleeping bag, tent, and medically necessary nutritional supplements. Id. Cooley allegedly showed LAPD officers her hernia to prove that she could not carry a 60-gallon bag of her property in one trip. Id. The LAPD officers refused to accommodate her needs and told Hubert that he could only take what he could fit in a 60-gallon trash bag. Id. Due to this restriction, Cooley and Hubert were not able to recover certain essential items including a sleeping bag and most of Cooley's medically-required nutritional supplements. Id. Following directions from LAPD officers, Hubert and Cooley moved the property they were able to salvage to Rose Avenue. Id. ¶ 29. However, after doing so, the LAPD officers put up caution tape and closed off access to Rose Avenue. Id.

LAPD officers then formed a line in front of the caution tape on Rose Avenue and ordered plaintiffs to leave the area under threat of arrest. Id. ¶ 30. Plaintiffs objected to City employees about the seizure of their property, and they watched as their remaining property was taken by Public Works employees, thrown into a large trash truck with a garbage compressor, and immediately destroyed. Id. ¶ 31. Cooley allegedly told LAPD officers that she needed the medically-necessary nutritional supplements that she had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:18-cv-09053-CAS-PLA | Date | August 5, 2019 |
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

moved to Rose Avenue earlier but was told that she would be arrested or pepper sprayed if she did not move away from the area. Id. ¶ 32.

Zaroda lost items that were important to him, including his transit pass and health insurance documentation. Id. ¶ 34. Cooley and Hubert lost a bike trailer that was used to transport their belongings during the day, two tents, a sleeping bag, clothes, essential paperwork, and medically-necessary nutritional supplements. Id. ¶ 30. The loss of these items created a hardship for plaintiffs as they had to find donated blankets, tents, and sleeping bags to protect themselves from the elements at night. Id.

Plaintiffs made some inquiry about recovering property that might have been stored by the City instead of destroyed. Id. ¶ 37. The City provided an address on Towne Avenue where they could make that inquiry, and that location on Towne Avenue is more than 20 miles away from the Venice neighborhood. Id. This location was allegedly inaccessible to Zaroda, whose transit pass was seized during the area cleaning, and it was allegedly inaccessible by Cooley due to her disability. Id.

Plaintiffs allege that the City of Los Angeles has a policy, practice, or custom of conducting sweeps for the purpose of confiscating and immediately destroying the property of homeless individuals. Id. ¶ 41. Plaintiffs allege that the City has been sued before based on these types of sweeps in the Venice neighborhood, and that the City was previously enjoined by the United States District Court for the Central District of California for engaging in the same conduct in the Skid Row area. Id. ¶ 43.

### III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-09053-CAS-PLA | Date | August 5, 2019 |
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). This policy is applied with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); Moss, 572 F.3d at 972. However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of Rule 8(a) is to ensure that a complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-09053-CAS-PLA | Date | August 5, 2019 |
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

"fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

## IV. DISCUSSION

The City moves to dismiss plaintiffs' claims for violation of the ADA, violation of the Unruh Civil Rights Act, and violation of the Bane Civil Rights Act. The Court discusses each claim in turn below.

### A. Plaintiff Cooley's ADA Claim

Plaintiff Cooley claims that the City violated Title II of the ADA and the Unruh Act when it engaged in a policy and practice of "seizing and remotely storing or outright destroying Plaintiffs' essential papers, modes of transportation, and other important items without allowing Plaintiffs who are disabled extra trips and time to gather property and without allowing Plaintiffs who are disabled to keep property essential to treat and relieve Plaintiffs' disabilities such as: medical documents, nutritional supplements, and cargo carrying mobility devices[.]" FAC ¶ 65. The City argues that plaintiffs have failed to state a claim for disability discrimination because: (1) Cooley's property was not destroyed by reason of her disability because the property of non-disabled homeless individuals was also destroyed, mot. at 5; (2) Cooley alleges that her request to recover some of her property was "largely granted by sympathetic City police officers" and thus Cooley was treated better than other homeless individuals whose property was located within the sidewalk cleaning area, id. at 7; and (3) sidewalk cleaning is not a municipal "service" or "benefit" under the ADA, id. at 7.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim for violation of Title II of the ADA, a plaintiff must allege: "(1) [she] is a 'qualified individual with a disability'; (2) [she] was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) *such exclusion, denial of benefits, or discrimination was by reason of [her] disability*." Weinreich v. Los Angeles Cty. Metropolitan Transp. Authority, 114 F.3d 976, 978 (9th Cir. 1997) (emphasis in the original). The duty to provide a reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-09053-CAS-PLA | Date | August 5, 2019 |
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

accommodation under the ADA arises only when a plaintiff's exclusion from participation in a public entity's services, programs, or activities was "solely by reason of disability." Id. at 978–79.

The Court finds that plaintiffs have stated claim for violation of the ADA based on the City's failure to provide a reasonable accommodation to Cooley and similarly situated individuals with disabilities during the September 15, 2017 area cleaning. The City's arguments are unavailing in light of the Ninth Circuit's decision in McGary v. City of Portland, 386 F.3d 1259 (9th Cir. 2004). In McGary, the plaintiff was an individual with AIDS whose illness impaired his ability to maintain his property. Id. at 1260. The City of Portland inspected his home and determined that the amount of trash and debris in his yard violated local nuisance laws. Id. When the city sent him a notice to remove the nuisance by a certain date, the plaintiff asked for additional time to clean his yard. Id. at 1261. The city declined and ultimately charged the plaintiff for the cost of removing the debris. Id. The plaintiff filed a complaint alleging that the city had discriminated against him on the basis of his disability when it denied his request for additional time to clean his yard and thus violated the ADA, among other laws. Id.

In finding that the plaintiff had stated a claim for violation of the ADA, the Ninth Circuit rejected the city's argument that it had not acted "by reason of" the plaintiff's disability because non-disabled residents were also subject to the nuisance abatement ordinance. Id. at 1265 ("We have repeatedly recognized that facially neutral policies may violate the ADA when such policies unduly burden disabled persons, even when such policies are consistently enforced."); id. at 1266 ("Indeed, the crux of a reasonable accommodation claim is a facially neutral requirement that is consistently enforced."). This holding forecloses the City's argument that Cooley cannot state a claim for violation of the ADA because the property of other non-disabled homeless individuals was also destroyed during the area cleaning. Here, Cooley alleges that she told LAPD officers that she needed help to carry her property because of her disability and that she lost most of her essential property because her needs were not accommodated. See FAC ¶¶ 26, 27. These allegations are sufficient to allege that the City's practices, even if it facially neutral, violate the ADA by unduly burdening people with disabilities such as Cooley.

The City's argument that Cooley cannot state a claim for violation of the ADA because sidewalk cleaning is not a municipal "service" or "benefit" under the ADA is also foreclosed by McGary. In McGary, the city similarly argued that the enforcement of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-09053-CAS-PLA | Date | August 5, 2019 |
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

a municipal ordinance is not a cognizable "benefit" under the ADA. Id. at 1268. In rejecting the city's argument, the Ninth Circuit explained that "[i]t is axiomatic that the ADA must be construed broadly in order to effectively implement the ADA's fundamental purpose of providing a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." Id. at 1268 (internal quotations and citation omitted). The Ninth Circuit explained that the "benefit" sought by the plaintiff in that case "was to be allowed sufficient time to comply with the City's code enforcement activities in a manner consistent with his disability." Id. at 1269–70. For the reasons stated in McGary, the Court also finds that Cooley has adequately stated a claim under the ADA by alleging that the City failed to reasonably accommodate her disability by not allowing her an opportunity to comply with the City's requirements during the area cleaning in a manner consistent with her disabilities.

Finally, the Court finds the City's argument that Cooley's requests were "largely granted" to be unavailing. Whether the City did, in fact, reasonably accommodate Cooley's disabilities is a question of fact that cannot be resolved at the pleading stage.

Accordingly, the Court **DENIES** the City's motion to dismiss Cooley's claim for violation of the ADA.[1]

---

[1] During oral argument, the Court inquired as to whether plaintiffs intended to pursue a claim for violation of the ADA based on the theory that the location of the storage facility is inaccessible to persons with disabilities. The Court previously dismissed Cooley's ADA claim, which was based on this theory, because Cooley alleged that her possessions were destroyed rather than stored and thus lacked standing to assert a claim based on the location of the storage facility. Dkt. 21 at 10. Although plaintiffs still do not allege that any of Cooley's possessions were transported to the storage facility, they nonetheless continue to allege that "[t]he location of the only storage facility at a distance of more than 20 miles failed to prove any accommodation, let alone a 'reasonable accommodation' to a population known to have a high percentage of individuals experiencing disabilities, and often, compound disabilities." FAC ¶ 73. At the hearing, counsel for plaintiffs represented that they do not intend to pursue a claim for violation of the ADA based on the location of the storage facility.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-09053-CAS-PLA | Date | August 5, 2019 |
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

### B.   Plaintiff Cooley's Claim for Violation of the Unruh Civil Rights Act

The Unruh Act also prohibits discrimination based on disability and provides that "[a] violation of the right of any individual under the American with Disabilities Act . . . shall also constitute a violation of this section." Cal. Civil Code § 51(f). The City contends that Cooley cannot state a claim for violation of the Unruh Act because the Unruh Act only applies to business establishments. Mot. at 9. Plaintiffs respond that public entities are routinely found liable for violations of the Unruh Act although they are not technically business entities. Opp'n at 7.

Section 51 of the Unruh Act provides, "All persons within [California] are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51. An entity qualifies as a business establishment for purposes of the Unruh Act when it "appears to have been operating in a capacity that is the functional equivalent of a commercial enterprise." Warfield v. Peninsula Golf & Country Club, 10 Cal. 4th 594, 622 (1995). And because the Unruh Act was intended to extend the reach of California's prior public accommodation statute, entities lacking a business-related purpose may also be a "business establishment" for the purposes of the Unruh Act if "the entity's attributes and activities demonstrate that it is the functional equivalent of a classic place of public accommodation or amusement." Curran v. Mount Diablo Council of the Boy Scouts, 17 Cal. 4th 670, 697 (1998) (internal quotation marks and citation omitted).[2]

Here, there are no allegations in the complaint that support an inference that the area cleanings are a business-like activity. Rather, it appears that the City conducts area cleanings as a public service. And during oral argument, counsel for plaintiffs did not

---

[2]   The cases relied upon by plaintiffs for the proposition that a government entity is liable for violating the Unruh Act are inapposite because those cases clearly implicated either a commercial enterprise or a public accommodation. See Gibson v. County of Riverside, 181 F. Supp. 2d 1057, 1093 (C.D. Cal. 2002) (housing); Gatto v. Cty of Sonoma, 98 Cal. App. 4th 744, 769 (2002) (county fair); Sullivan v. Vallejo City Unified Sch. Dist., 731 F. Supp. 947, 952–53 (E.D. Cal. 1990) (schools); Nicole M. v. Martinez Unified Sch. Dist., 964 F. Supp. 1369, 1388–89 (N.D. Cal. 1997) (schools); Doe v. Petaluma City Sch. Dist., 830 F. Supp. 1560, 1581–82 (N.D. Cal. 1993) (schools).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-09053-CAS-PLA | Date | August 5, 2019 |
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

offer any argument in support of the contention that the City was acting as a "business establishment" for purposes of the Unruh Act when it conducted the area cleaning at issue in this case. Accordingly, the Court **GRANTS** the City's motion to dismiss Cooley's claim for violation of the Unruh Act with leave to amend to allege facts supporting plaintiffs' argument that the City is a business establishment for purposes of the Unruh Act.

### C.     Plaintiffs' Bane Civil Rights Act Claim

California Civil Code section 52.1(a), also known as the Tom Bane Civil Rights Act, prohibits "a person or persons, whether or not acting under color of law, [from] interfer[ing] by threats, intimidation, or coercion, or [from] attempt[ing] to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state. . . ." Cal. Civ. Code § 52.1(a). Plaintiffs allege that the City violated the Bane Act because its agents and employees engaged in threats and intimidation "to prevent Plaintiffs from exercising their [constitutional and statutory] rights to maintain their personal possessions[.]" FAC ¶ 82.

Two elements are required to state a Bane Act claim: "(1) intentional interference or attempted interference with a state or federal constitutional or legal right; and (2) the interference or attempted interference was by threats, intimidation or coercion." McFarland v. City of Clovis, 163 F. Supp. 3d 798, 806 (E.D. Cal. 2016) (citing Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (2015)). The Court previously dismissed plaintiffs' Bane Act claim because plaintiffs did not allege that any of them, as opposed to other individuals in the area, were threatened by City employees. Dkt. 21 at 11. In the first amended complaint, plaintiffs allege that they themselves were told by LAPD officers to leave the area during the cleaning or be arrested. FAC ¶ 30. Cooley also specifically alleges that LAPD officers told her that she would be arrested or pepper sprayed if she did not step back from the area. Id. ¶ 32. The Court finds that plaintiffs have sufficiently stated a claim for violation of the Bane Act.

The City, however, moves to dismiss plaintiffs' Bane Act claim on the grounds that these new allegations are self-serving and should not be accepted by the Court. Mot. at 11. This argument fails because the Court must accept as true all material allegations in the complaint regardless of whether they are "self-serving."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-09053-CAS-PLA | Date | August 5, 2019 |
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

    The City also contends that plaintiffs did not provide the City with sufficient notice of these allegations pursuant to the Government Claims Act. Id. at 12. The purpose of the Government Claims Act is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." City of San Jose v. Superior Court, 12 Cal. 3d 447, 455 (1977). A claim "need not contain the detail and specificity required of a pleading, but need only 'fairly describe what [the] entity is alleged to have done.'" Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth., 34 Cal. 4th 441, 446 (2004) (quoting Shoemaker v. Myers, 2 Cal. App. 4th 1407, 1426 (1992)). "A complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an entirely different set of facts." Id. at 447 (internal quotations and citation omitted). Here, plaintiffs sent a claim for damages to the City on March 15, 2018, stating that LAPD officers "prevented people from accessing their property" and contending that the City violated the Bane Civil Rights Act Dkt. 13-1, Ex. B.[3] The Court finds that plaintiffs' allegations are based on the same set of facts and merely provide a fuller exposition of what LAPD officers did to "prevent[] people from accessing their property." Accordingly, the Court declines to dismiss plaintiffs' Bane Act claim for failure to comply with the Government Claims Act.

    Accordingly, the Court **DENIES** the City's motion to dismiss plaintiffs' Bane Act claim.

## IV.   CONCLUSION

    The Court **DENIES** the City's motion to dismiss Cooley's claim for violation of the ADA.

---

[3]    The Court grants the City's request for judicial notice of plaintiffs' government claim because it is a matter of public record. See Clarke v. Upton, 703 F. Supp. 2d 1037, 1042 (E.D. Cal. 2010). The Court takes judicial notice of the plaintiffs' claim for the purpose of comparing the facts that were alleged in the claim with the allegations in the first amended complaint. The Court, however, does not take judicial notice of the truth of the factual allegations contained in the plaintiffs' claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-09053-CAS-PLA | Date | August 5, 2019 |
|---|---|---|---|
| Title | COOLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

The Court **GRANTS** the City's motion to dismiss Cooley's claim for violation of the Unruh Act.

The Court **DENIES** the City's motion to dismiss plaintiffs' claim for violation of the Bane Act.

Plaintiffs shall have 21 days to file an amended complaint.

IT IS SO ORDERED.

|  | 00 : 08 |
|---|---|
| Initials of Preparer | CMJ |