MICHAEL N. FEUER, City Attorney
JAMES P. CLARK, Chief Deputy City Attorney (SBN 64780)
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
JESSICA MARIANI, Deputy City Attorney (SBN 280748)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Telephone:  (213) 978-6952
Facsimile:  (213) 978-7011
Email:        jessica.mariani@lacity.org

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| REBECCA COOLEY, BENJAMIN HUBERT and CASIMIR ZARODA, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF LOS ANGELES, a municipal entity; Does 1-10,<br><br>Defendants. | Case No. 2:18-cv-09053-CAS-PLA<br>Hon. Christina A. Snyder<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT;**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action filed: October 21, 2018 |

Defendant City of Los Angeles ("Defendant" or "City") hereby answers Plaintiffs' Second Amended Complaint ("SAC") as follows:

## JURISDICTION AND VENUE

1.     In response to paragraph 1, Defendant admits that this action purports to be one for declaratory relief and damages pursuant to 42 U.S.C. § 1983 based upon alleged violations of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution and analogous California constitutional and statutory law. Defendant admits that this Court has jurisdiction over the federal claims alleged in the SAC pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1983, and 28 U.S.C. §§ 2201 and 2202.  Defendant admits that this Court has supplemental jurisdiction over the state claims alleged in the SAC pursuant to 28 U.S.C. § 1367.

2.     In response to paragraph 2, Defendant admits that it resides in the Central District, and that the events and conduct underlying Plaintiffs' SAC occurred in the Central District.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning where other parties reside, and on that basis, denies all such allegations.

## PRELIMINARY STATEMENT

3.     In response to paragraph 3, Defendant admits that in 2012, the Ninth Circuit issued an opinion in *Lavan v. City of Los Angeles*, 693 F.3d 1022 (9th Cir. 2012), and that the opinion addressed a preliminary injunction in the Skid Row district of Los Angeles and a prior version of Los Angeles Municipal Code § 56.11.  To the extent the allegations of Paragraph 3 seek to characterize or quote from the opinion, Defendant responds that the opinion is a document that speaks for itself such that no response is required, and Defendant expressly denies the allegations to the extent that they are inconsistent with that document.

4.     In response to paragraph 4, Defendant admits that a District Court issued an injunction in *Mitchell v. City of Los Angeles*, No. 16-cv-01750 SJO (GJS) (C.D. Cal. 2016).  To the extent the allegations of Paragraph 4 seek to characterize the order issuing

**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

that injunction, Defendant responds that the order is a document that speaks for itself such that no response is required, and Defendant expressly denies the allegations to the extent that they are inconsistent with that document.

5.      In response to paragraph 5, Defendant denies each and every allegation contained therein.

## **PARTIES**

6.      In response to paragraph 6, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies all allegations contained therein.

7.      In response to paragraph 7, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies all allegations contained therein.

8.      In response to paragraph 8, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies all allegations contained therein.

9.      In response to paragraph 9, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies all allegations contained therein.

10.      In response to paragraph 10, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies all allegations contained therein.

11.      In response to paragraph 11, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies all allegations contained therein.

12.      In response to paragraph 12, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies all allegations contained therein.

13.      In response to paragraph 13, Defendant lacks knowledge or information

**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

sufficient to form a belief as to the truth of the allegations, and on that basis, denies all allegations contained therein.

14.     In response to paragraph 14, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies all allegations contained therein.

15.     In response to paragraph 15, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies all allegations contained therein.

16.     In response to paragraph 16, Defendant admits that the City of Los Angeles is a municipal entity organized under the laws of the State of California with the capacity to sue and be sued.  Defendant states that the remaining allegations are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

17.     In response to paragraph 17, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

18.     In response to Paragraph 18, Defendant admits that Plaintiffs purport to sue DOES 1 through 10 by fictitious names.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies all allegations contained therein.

## FACTS

19.     In response to paragraph 19, Defendant admits that employees of the City of Los Angeles arrived at the area of 3rd Avenue and Rose Avenue in Venice on the morning of September 15, 2017 and thereafter, members of the Los Angeles Sanitation Watershed Protection Division assigned to an Operation Healthy Streets detail conducted a noticed clean-up of the public rights-of-way and access areas in the area of 3rd Avenue and Rose Avenue.  Defendant denies each and every remaining allegation.

3
**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

20.     In response to paragraph 20, Defendant admits that consistently, for over two years, the City has posted signs prior to scheduled area cleanings to provide advance notice of cleanings.  Defendant denies each and every remaining allegation.

21.     In response to paragraph 21, Defendant admits that prior to September 15, 2017, copies of a notice of the upcoming cleaning were posted in Venice, including in the area in and around the intersection of 3rd Avenue and Rose Avenue.  Defendant denies each and every remaining allegation.

22.     In response to paragraph 22, Defendant denies each and every allegation contained therein.

23.     In response to paragraph 23, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies all allegations contained therein.

24.     In response to paragraph 24, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies all allegations contained therein.

25.     In response to paragraph 25, Defendant admits that, on the morning of September 15, 2017, City employees began taping off the noticed clean-up area in Venice, including the intersection of 3rd Avenue and Rose Avenue, prior to conducting a noticed cleaning.  Defendant denies each and every remaining allegation.

26.     In response to paragraph 26, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs Cooley and Hubert left their property on 3rd Avenue while they went to eat breakfast at Bread and Rose Café, and on that basis, denies such allegation.  Defendant denies each and every remaining allegation.

27.     In response to paragraph 27, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation contained therein.

28.     In response to paragraph 28, Defendant denies each and every allegation

4

**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

1    contained therein.

2         29.    In response to paragraph 29, Defendant admits that City employees taped

3    off the noticed clean-up area in Venice, including the intersection of 3rd Avenue and

4    Rose Avenue, prior to conducting a noticed cleaning.  Defendant denies each and every

5    remaining allegation.

6         30.    In response to paragraph 30, Defendant admits that individuals were

7    permitted to retrieve property from Rose Avenue.  Defendant denies each and every

8    remaining allegation.

9         31.    In response to paragraph 31, Defendant denies each and every allegation

10   contained therein.

11        32.    In response to paragraph 32, Defendant denies each and every allegation

12   contained therein.

13        33.    In response to paragraph 33, Defendant denies each and every allegation

14   contained therein.

15        34.    In response to paragraph 34, Defendant lacks knowledge or information

16   sufficient to form a belief as to the truth of the allegations regarding the worth of Mr.

17   Zaroda's transit pass and that "Mr. Zaroda understood he could not replace the transit

18   pass until the next six-month period, when he could apply for the pass again" and on that

19   basis, denies such allegations.  Defendant denies each and every remaining allegation.

20        35.    In response to paragraph 35, Defendant denies each and every allegation

21   contained therein.

22        36.    In response to paragraph 36, Defendant denies each and every allegation

23   contained therein.

24        37.    In response to paragraph 37, Defendant admits that information was made

25   available to Plaintiffs regarding retrieval of property that was placed in a secure storage

26   facility located at 507 Towne Avenue, Los Angeles, CA 90013, including by way of

27   posting notices providing such information.  Defendant denies each and every remaining

28   allegation.

**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

1

# MONELL ALLEGATIONS

2    38.    In response to paragraph 38, Defendant realleges and incorporates by

3   reference each of its responses set forth in the preceding paragraphs as though set forth

4   fully herein.

5    39.    In response to paragraph 39, Defendant states that the allegations therein are

6   legal arguments and/or conclusions to which no response is required.  To the extent a

7   response is deemed required, Defendant denies each and every allegation contained

8   therein.

9    40.    In response to paragraph 40, Defendant states that the allegations therein are

10   legal arguments and/or conclusions to which no response is required.  To the extent a

11   response is deemed required, Defendant denies each and every allegation contained

12   therein.

13    41.    In response to paragraph 41, Defendant states that Los Angeles Municipal

14   Code § 56.11 is contained in a document that speaks for itself such that no response is

15   required, and allegations regarding what that law requires are legal arguments and/or

16   conclusions to which no response is required.  To the extent a response is deemed

17   required, Defendant denies each and every allegation contained therein.

18    42.    In response to paragraph 42, Defendant denies each and every allegation

19   contained therein.

20    43.    In response to paragraph 43, Defendant denies each and every allegation

21   contained therein.

22    44.    In response to paragraph 44, Defendant states that the court opinions in

23   *Lavan v. City of Los Angeles*, 693 F.3d 1022 (9th Cir. 2012) and *Mitchell v. City of Los*

24   *Angeles*, 2:16-cv-01750 (C.D. Cal. 2016) are documents that speak for themselves such

25   that no response is required, and the remaining allegations are legal arguments and/or

26   conclusions to which no response is required.  To the extent a response is deemed

27   required, Defendant denies each and every allegation contained therein.

28

**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

## CLASS ALLEGATIONS

45.    In response to paragraph 45, Defendant admits that the complaint purports to assert claims on behalf of a putative class action for declaratory relief and damages. Defendant denies each and every remaining allegation.

46.    In response to paragraph 46, Defendant denies each and every allegation contained therein.

47.    In response to paragraph 47, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

48.    In response to paragraph 48, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

49.    In response to paragraph 49, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

50.    In response to paragraph 50, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

51.    In response to paragraph 51, lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies all allegations contained therein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

52.    In response to paragraph 52, Defendant admits that counsel for Plaintiffs submitted a letter that purported to be a claim "filed on behalf of Benjamin Hubert and

7

**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Rebecca Cooley and all similarly situation individuals in the vicinity of 3rd and Rose on September 15, 2017," and that the claims – identified by the City as Claim Nos. C18-04050 and C18-04052 – were denied by the City on April 23, 2018.  Defendant denies each and every remaining allegation.

### FIRST CAUSE OF ACTION

53.     In response to paragraph 53, Defendant realleges and incorporates by reference each of its responses set forth in the preceding paragraphs as though set forth fully herein.

54.     In response to paragraph 54, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

55.     In response to paragraph 55, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

56.     In response to paragraph 56, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

57.     In response to paragraph 57, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

### SECOND CAUSE OF ACTION

58.     In response to paragraph 58, Defendant realleges and incorporates by reference each of its responses set forth in the preceding paragraphs as though set forth fully herein.

8

59.     In response to paragraph 59, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

60.     In response to paragraph 60, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

61.     In response to paragraph 61, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION

62.     In response to paragraph 62, Defendant realleges and incorporates by reference each of its responses set forth in the preceding paragraphs as though set forth fully herein.

63.     In response to paragraph 63, Defendant responds that Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, is contained in a document that speaks for itself such that no response is required, and to the extent the allegations attempt to characterize the law, they are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations to the extent they misquote the language of the statute.

64.     In response to paragraph 64, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant admits that it is a public entity within the meaning of Title II of the Americans with Disabilities Act ("ADA"), and that it provided certain programs, services, or activities to the public, and Defendant denies each and every remaining allegation.

65.     In response to paragraph 65, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff Cooley and similarly situated putative class members were qualified individuals within the meaning of Title II of the ADA, and on that basis, denies all such allegations.  Defendant admits that the Los Angeles Homelessness Services Authority ("LAHSA") is an independent, joint powers authority, and that LAHSA coordinates locally an annual Point-in-Time count of people experiencing homelessness in the Los Angeles Continuum of Care.  Defendant denies each and every remaining allegation.

66.     In response to paragraph 66, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

67.     In response to paragraph 67, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

68.     In response to paragraph 68, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

69.     In response to paragraph 69, Defendant denies each and every allegation contained therein.

70.     In response to paragraph 70, Defendant denies each and every allegation contained therein.

71.     In response to paragraph 71, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a

**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

response is deemed required, Defendant denies each and every allegation contained therein.

72.     In response to paragraph 72, Defendant states that 28 C.F.R. § 35.130(b)(7) is contained in a document that speaks for itself such that no response is required, and that the remaining allegations are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

73.     In response to paragraph 73, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

74.     In response to paragraph 74, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

75.     In response to paragraph 75, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

<u>**FOURTH CAUSE OF ACTION**</u>

76.     In response to paragraph 76, Defendant realleges and incorporates by reference each of its responses set forth in the preceding paragraphs as though set forth fully herein.

77.     In response to paragraph 77, Defendant denies each and every allegation contained therein.

78.     In response to paragraph 78, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained

**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

therein.

79.	In response to paragraph 79, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies all allegations contained therein.

80.	In response to paragraph 80, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

## FIFTH CAUSE OF ACTION

81.	In response to paragraph 81, Defendant realleges and incorporates by reference each of its responses set forth in the preceding paragraphs as though set forth fully herein.

82.	In response to paragraph 82, Defendant states that the allegations therein are legal arguments and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

83.	In response to paragraph 83, Defendant states that Cal. Civ. Code § 2080 *et seq.* is contained in a document that speaks for itself such that no response is required. To the extent a response is deemed required, Defendant denies each and every allegation contained therein.

## PLAINTIFFS' PRAYER FOR RELIEF

84.	In response to Plaintiffs' prayer for relief paragraphs 1-4, Defendant denies each and every allegation contained therein.

DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant hereby asserts the following as separate and distinct affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

The SAC, and all claims asserted therein, is barred in whole or in part because the SAC fails to state facts sufficient to state a claim against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Government Immunity)

The SAC, and all claims asserted therein, are barred in whole or in part because Defendant is immune from liability for injury or damages to Plaintiffs, if any, pursuant to immunities, including, without limitation, those set forth in California Government Code sections 815, *et seq.*

### THIRD AFFIRMATIVE DEFENSE

### (Government Immunity – Cal. Gov. Code § 815.6)

The SAC, and all claims asserted therein, are barred in whole or in part because Defendant is immune from liability for injury or damages to Plaintiffs, if any, resulting from failure to discharge any mandatory duties because reasonable diligence was exercised to discharge any such duties. *See* Cal. Gov. Code § 815.6.

### FOURTH AFFIRMATIVE DEFENSE

### (Government Immunity – Cal. Gov. Code § 818.2)

The SAC, and all claims asserted therein, are barred in whole or in part because Defendant is immune from liability for injury or damages to Plaintiffs, if any, resulting from adoption or failure to adopt an enactment or failure to enforce any law. *See* Cal. Gov. Code § 818.2.

## FIFTH AFFIRMATIVE DEFENSE

### (Government Immunity – Cal. Gov. Code § 820.2)

The SAC, and all claims asserted therein, are barred in whole or in part because Defendant is immune from liability for injury or damages to Plaintiffs, if any, resulting from an exercise of discretion vested in a public employee, regardless of whether such discretion was abused. *See* Cal. Gov. Code §§ 815(a), 815.2(b), 820.2.

## SIXTH AFFIRMATIVE DEFENSE

### (Government Immunity – Cal. Gov. Code § 820.4)

The SAC, and all claims asserted therein, are barred in whole or in part because Defendant is immune from liability for any injury or damages to Plaintiffs, if any, resulting from any act or omission in the execution or enforcement of any law while exercising due care. *See* Cal. Gov. Code §§ 815(a), 815.2(b), 820.4.

## SEVENTH AFFIRMATIVE DEFENSE

### (Government Immunity – Cal. Gov. Code § 820.6)

The SAC, and all claims asserted therein, are barred in whole or in part because Defendant is immune for injury or damages resulting from acts done in good faith and without malice under the apparent authority of an enactment, even though said enactment may be unconstitutional, invalid, or inapplicable. *See* Cal. Gov. Code §§ 815(a), 815.2(b), 820.6.

## EIGHTH AFFIRMATIVE DEFENSE

### (Separation of Powers)

The SAC, and all claims asserted therein, are barred to the extent the relief Plaintiffs seek would vest the judiciary with the power, right, or ability to expend public funds and/or deprive Defendant's legislative branch of the right to exercise its discretion to expend public funds.

## NINTH AFFIRMATIVE DEFENSE

### (No *Monell* Liability)

The SAC is barred in part because the SAC fails to state a federal civil rights

14

**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

claim against Defendant under the doctrine announced in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## TENTH AFFIRMATIVE DEFENSE

### (Failure To Comply With Tort Claims Act)

The SAC's state law claims are barred by Plaintiffs' failure to precede the action with a claim in compliance with the Tort Claims Act, including, without limitation, Government Code Sections 910, 911.2, 945.4, 954.6, and 950.2, and any other applicable procedures relating to the filing of their government claim.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Vicarious Liability)

The SAC, and all claims asserted therein, are barred in whole or in part because Defendant is immune from liability for any injury or damages to Plaintiffs, if any, by way of vicarious liability, respondeat superior, or other doctrine of similar effect, where the public employee whose conduct allegedly caused the injury or damages is not liable or is immune from liability, or Defendant is otherwise not legally responsible for the acts and/or omissions of the employee.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

The SAC, and all claims asserted therein, are barred in whole or in part because all actions by Defendant and its employees or agents were carried out in good faith and with the reasonable belief that such actions were valid, necessary, and constitutionally proper.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (State Law Provides Remedy)

The SAC is barred in part because state law provides a remedy for the destruction of personal property by a government employee. *See Hudson v. Palmer*, 468 U.S. 517 (1984).

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Action Taken In Public Interest)

The SAC is barred in part because it fails to state a claim for violation of the Fourth or Fourteenth Amendments because Defendant's actions taken to abate a public nuisance resulted in only seizure and/or destruction of property constituting health and safety hazards or threats injurious to the public.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

Defendant is informed and believes, and on that basis alleges, that defendants named in the SAC as DOES 1-10 are immune from liability in this action on the basis of qualified immunity because the actions of the individual DOE defendants did not violate clearly established constitutional or statutory rights of which a reasonable person would have known.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The SAC, and all claims asserted therein, fail to the extent they are barred in whole or in part by the applicable statutes of limitations, including, without limitation, California Code of Civil Procedure section 335.1, California Government Code section 11135, and Government Code section 911.2

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Laches)

The SAC, and all claims asserted therein, are barred in whole or in part by the doctrine of laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

The SAC, and all claims asserted therein, are barred in whole or in part to the extent Plaintiffs waived such claims.

16

**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

1                **NINETEENTH AFFIRMATIVE DEFENSE**

2                       **(Consent)**

3         The SAC, and all claims asserted therein, are barred in whole or in part by the

4 doctrine of consent.

5                **TWENTIETH AFFIRMATIVE DEFENSE**

6                     **(Estoppel)**

7         The SAC, and all claims asserted therein, are barred in whole or in part by the

8 doctrine of estoppel.

9            **TWENTY-FIRST AFFIRMATIVE DEFENSE**

10               **(Unclean Hands)**

11         The SAC, and all claims asserted therein, are barred in whole or in part by the

12 doctrine of unclean hands.

13          **TWENTY-SECOND AFFIRMATIVE DEFENSE**

14              **(Unjust Enrichment)**

15         The SAC, and all claims asserted therein, are barred in whole or in part to the

16 extent that the relief sought would constitute an unjust enrichment of Plaintiffs to the

17 detriment of Defendant.

18           **TWENTY-THIRD AFFIRMATIVE DEFENSE**

19       **(Failure To Exhaust Administrative Remedies)**

20         The SAC, and all claims asserted therein, are barred in whole or in part to the

21 extent Plaintiffs failed to exhaust administrative remedies before filing a federal action.

22          **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

23              **(No Discrimination)**

24         The SAC is barred in part because Defendant has not discriminated against

25 Plaintiffs on the basis of any alleged disability.

26            **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

27   **(No Public Benefit or Access Denied Based on Disability)**

28         The SAC is barred in part because Plaintiffs have not been denied access to, or the

17

**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

benefits of, any program or service solely on the basis of any alleged disability, and Plaintiffs accordingly cannot state a prima facie case under the Americans with Disabilities Act ("ADA").  *See* 42 U.S.C. § 12131 *et seq.*

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (No Intentional Discrimination)

The SAC is barred in part because Defendant has not engaged in intentional discrimination, and its conduct has not constituted deliberate indifference to Plaintiffs' right to be free of discrimination based on alleged disabilities.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Reasonable Access)

The SAC is barred in part because Defendant provided reasonable access to its services, programs, and activities.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Unnecessary and/or Unreasonable Modification)

The SAC is barred in part because Plaintiffs' requested accommodation or modifications of policies, practices or procedures are unreasonable, unnecessary, and/or would constitute an undue hardship.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Undue Administrative and/or Financial Burden)

The SAC is barred in part to the extent that the relief sought by Plaintiff would result in an undue financial or administrative burden.

## THIRTIETH AFFIRMATIVE DEFENSE
### (No Denial or Interference)

The SAC is barred in part because Plaintiffs' use and enjoyment of the City's facilities, services, programs, and activities was not denied or interfered with by Defendant.

DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Privileged Conduct)

The SAC, and all claims asserted therein, are barred in whole or in part to the extent Defendant's acts were privileged under applicable statutes and case law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Causation)

The SAC, and all claims asserted therein, are barred in whole or in part because no acts or omissions by Defendant were the proximate or legal cause of any loss, injury, or damage to Plaintiffs.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Injury In Fact)

The SAC, and all claims asserted therein, are barred in whole or in part to the extent Plaintiffs have not suffered any injury in fact.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Adequate Legal Remedies)

Plaintiffs are not entitled to any equitable relief to the extent Plaintiffs have adequate legal remedies for alleged injury, if any.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Justification)

The SAC, and all claims asserted therein, are barred in whole or in part to the extent that Defendant and its employees had legal justification for all alleged actions and omissions.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Gift of Public Funds)

The SAC, and all claims asserted therein, are barred in whole or in part to the extent that Plaintiffs seek damages that would constitute a gift of public funds for a private purpose in violation of the California Constitution.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

The SAC, and all claims asserted therein, are barred in whole or in part to the extent that Plaintiffs failure to mitigate their damages.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

The SAC, and all claims asserted therein, are barred in whole or in part to the extent that Plaintiffs lack standing to assert the claims and/or seek the requested relief.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Inadequate Class Representative)

The named plaintiffs in this purported class action are not adequate class representatives, and are not representative of any class of putative plaintiffs.

## FORTIETH AFFIRMATIVE DEFENSE

### (Lack of Numerosity)

This action is not appropriate for class action treatment because the proposed class fails to meet the numerosity requirement of Federal Rule of Civil Procedure 23.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Commonality)

This action is not appropriate for class action treatment because the proposed class fails to meet the commonality requirement of Federal Rule of Civil Procedure 23.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Typicality)

This action is not appropriate for class action treatment because the proposed class fails to meet the typicality requirement of Federal Rule of Civil Procedure 23.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Common Questions)

This action is not appropriate for class action treatment because common questions of law or fact do not predominate over individual questions in the proposed

**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

class.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Inappropriate Class Action)

This action is not appropriate for class action treatment because a class action will not and cannot be a more efficient, expeditious, or just method of resolving the claims asserted in this action.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

Defendant lacks sufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses, and Defendant expressly reserves the right to assert in the future additional affirmative defenses that may be supported by information or facts obtained through discovery.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     The Second Amended Complaint be dismissed with prejudice;

2.     Plaintiff takes nothing by way of this action;

3.     Defendant be awarded its costs of suit herein; and

4.     Defendant be awarded such other and further relief as the Court may deem just and appropriate including, but not limited to, an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Defendant City of Los Angeles hereby demands a trial by jury in this action.

**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Dated: September 9, 2019

Respectfully submitted,

/s/ Jessica Mariani
JESSICA MARIANI
Deputy City Attorney

Attorneys for Defendant
City of Los Angeles

**DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**