**CAROL A. SOBEL** SBN 84483
**WESTON C. ROWLAND** SBN 327599
725 Arizona Avenue, Suite 300
Santa Monica, CA 9040
t. 310.393.3055
e. carolsobel@aol.com
e. rowlandweston@gmail.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| REBECCA COOLEY,  et al., <br><br> v. <br><br> The CITY OF LOS ANGELES, <br><br> Defendants. | Case No.:   2:18-cv-09053-CAS-PLA <br><br> NOTICE OF MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND ATTORNEY FEES AND COSTS <br><br> DATE: November 30, 2020 <br> TIME:  10:00 a.m. <br> CTRM: Courtroom 8D Hon. Christina Snyder |

PLEASE TAKE NOTICE that, on November 30, 2020, at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 8D of the United States District Court for the Central District of California, 350 West First Street, Los Angeles, California 90012, the Honorable Christina A. Snyder, district judge presiding, Plaintiffs will, and hereby do, move the Court to award, as part of the final settlement in this case, attorneys' fees and costs to Plaintiffs.

This motion is based on the accompanying Memorandum of Law, the exhibits and declarations filed in support of it and previously filed in support of the motion for preliminary approval of the settlement, the files and records in this case, and on such further evidence as may be presented at a hearing on the motion.


DATED: November 2, 2020          Respectfully submitted,

LAW OFFICES OF CAROL A. SOBEL

            /s/   Carol A. Sobel
By: CAROL A. SOBEL
Attorneys for Plaintiffs

## MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

This action arises out of Defendant's seizure and summary destruction of the property of the Plaintiff class in September 2017 at and near Rose and Sunset Avenues in the Venice area of Los Angeles. The class members were, at all relevant times, individuals experiencing homelessness. Plaintiffs allege that Defendant unlawfully seized and destroyed the personal property of the class, without adequate pre- and post-deprivation notice, sufficient opportunity to move personal property to a safe location and without accommodations for persons with disabilities.

The Court previously preliminarily approved the settlement in this case, including a total sum of $95,000 to be paid to the Client Trust Account of the Law Office of Carol Sobel and allotted as follows.

    a.  incentive awards to class representatives of $3000 for a total of $9000;

    b. fees and scosts totaling $27,500 paid to the Law Office of Carol Sobel;

    c.  a residual fund of $58,500 for pro rata divison among all class claimants.

The settlement was administered at no cost by Class Counsel's office to maximize the amount to class members.

## II.    ATTORNEY FEE AND COSTS AWARD

Class Counsel seeks cost reimbursement solely for $1,000 to cover the filing fee and the expense of service and courtesy copies to the Court.

For purposes of this motion, it is undisputed that Plaintiffs are the prevailing party under the foregoing statutes for a motion pursuant to this settlement. That cap of $27,500 is substantially discounted below what Plaintiffs would have sought in a fee motion as the prevailing parties in a contested motion.

The $27,500 in fees is compensation for statutory fees and certain costs pursuant to 42 U.S.C. §1988 and Civil Code §52.1(h) and is subject to Court approval after class members were provided notice and the opportunity to object. The costs included in this motion include some litigation costs incurred, but no Class

Administration costs (all of which were absorbed by Class Counsel).  Fees and costs are not sought for this motion.

This motion explains the basis for that $27,500 attorneys' fee figure, including that it is substantially less than Plaintiffs' counsel's lodestar, and was so discounted because Plaintiffs' counsel agreed to reduced fees in order to settle the case, and in light of the needs of the class at this critical moment in a pandemic.  The fees, appropriate pursuant to the statutory authority under both 42 U.S.C. §1983 and California Civil Code §52.1, are well within the proportional percentage approved by the Ninth Circuit is class action lawsuits with far larger class funds.    Because the proposed Final Order of Approval will address the award of fees and costs, a separate proposed fee order is not being submitted.

## III.    THE LODESTAR METHOD FOR STATUTORY ATTORNEYS' FEES IS THE APPROPRIATE METHODOLOGY IN THIS CLASS ACTION.

In the Ninth Circuit, courts generally have discretion to apply either a percentage of the fund or a lodestar approach in compensating class counsel.  Where no available statutory attorneys' fee is available, the lodestar or percentage method comes from a common fund but either method can be used. *See, e.g., Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989); *In re Washington Public Power Supply System Securities Litigation*, 19 F.3d 1291, 1295 (9th Cir. 1994).  However, where a statutory fee is available, such as here under §§1988 and 52.1(h), a statutory fee award would be appropriate irrespective of the size of the class damages fund. *See, e.g., Staton v. Boeing Co.*, 327 F.3d 938, 972 (9th Cir. 2003) ("in a class action involving both a statutory fee-shifting provision and an actual or putative common fund, the parties may negotiate and settle the amount of statutory fees along with the merits of the case, …[and] the amount of such attorney's fees.  However, where a statutory fee is available, such as here under §§1988 and 52.1(h), a statutory fee award is appropriate independent of the size of the class damages fund.…[and] the amount of such attorney's fees can be approved if they meet the

3

reasonableness standard when measured against statutory fee principles"); *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) ("'lodestar method' appropriate in class actions brought under fee-shifting statutes "); *Laffitte v. Robert Half Internat. Inc*., 1 Cal. 5th 480, 489, 376 P.3d 672, 676 (2016) ("Class action litigation can result in an attorney fee award pursuant to a statutory fee shifting provision or through the common fund doctrine"); *Sobel v. Hertz Corp*., 53 F. Supp. 3d 1319, 1326 (D. Nev. 2014) ("differing purposes behind statutory fee shifting and the common fund doctrine confirm that the lodestar method is the appropriate manner for calculating reasonable attorney's fees" in a class action where a statutory fee is available).

## IV.    ANALYSIS OF THE FACTORS IN SETTING AN ATTORNEYS' FEE AWARD IN CLASS ACTIONS.

While not required by the Ninth Circuit, courts often consider the following factors when determining the reasonableness of class action fees to be awarded where the amount is a percentage of the class fund: (1) the result obtained for the class; (2) the effort expended by counsel; (3) counsel's experience; (4) counsel's skill; (5) the complexity of the issues; (6) the risks of non-payment assumed by counsel; (7) the reaction of the class; and (8) comparison with counsel's lodestar. *See, e.g., In re Heritage Bond Litigation*, 2005 WL 1594403 at 18; *In re Quintus Sec. Litig.*, 148 F.Supp.2d 967, 973-74 (N.D.Cal.2001).

### A.    Complex Issues and Substantial Risk Were Raised

This case involves complex issues of constitutional law: i.e., what pre- or post-deprivation notice is required for the property of unhoused persons; what accommodations must be made for unhoused persons with disabilities to remove their property from areas noticed for street and sidewalk cleaning. The legality of the Defendant's actions involved fiercely litigated Fourth and Fourteenth Amendment questions, as well as previously undecided questions of disability accommodation in this context, and the underlying facts were hotly disputed by the parties.  It was

Plaintiffs' counsel's assessment that there were substantial risks in going to trial, and that, despite their belief that Plaintiffs were correct, the class had a meaningful risk of no recovery, or a lesser recovery. absent settlement.

In addition, there are substantial risks in any class action. Most cases filed as a class action are not certified and many that are can still result in a loss, or in only a partial success. Thus, there is an added level of risk in any class action. Of the cases that are certified, a significant percentage are ultimately unsuccessful. Less than 2/3 of filed class actions result in successful claims on behalf of the class.  There are also substantial risks in any case raising Monell claims.

**B.    The Management of the Case Was Challenging**

Although this case did not require database management, Plaintiffs' counsel prioritized at the outset maintaining contact with a large number of class members throughout the case.  Based on past experience in similar cases, counsel knew that maintaining contact is important to ensuring maximum participation in any settlement because unhoused persons often have no phone or internet access and some tend to move in response to availability of services and enforcement against them.  As a result of the efforts made in this case to maintain contact,, Plaintiffs' counsel expect that they will reach in a range close to 90% of class members, a time intensive and laborious undertaking.

**C.    The Risks of Non-payment Were Substantial**

There was substantial risk of non-payment facing Plaintiffs' counsel. While the City had the resources to pay a judgment, the risk lay in establishing that the underlying conduct was illegal. Defendant filed two motions to dismiss the action and vigorously maintained that there was sufficient pre-deprivation notice in this instance and no need to provide a disability accommodation.  Moreover, seeking substantial amounts of money from government entities always carries risks of politics entering into the equation.  Issues regarding the presence of unhoused persons "living" in public places are central to the political dialogue in Los Angeles at this time.

As was discussed in the preliminary approval motion, the fee plaintiffs are requesting will cover only a small portion of their lodestar, much less any risk enhancement. The actual percentage is less than 19 percent of the total fees submitted. In this case, the fees were driven up significantly by Defendant's two motions to dismiss. None of the time necessary to seek the Court's approval of the settlement or to administer the settlement is included in this total.

**D.    The Effort Expended by Counsel**

Counsel had litigated this case for more than three years at the time of the final approval hearing. The work performed included: 1) extensive investigation of the underlying circumstances, including communicating directly with many class members; 2) preparation of the complaint and amended complaint; 3) the Rule 26 conference and report; 4) opposition to two expansive motions to dismiss; 5) a coordinated motion to certify the class and for preliminary approval; 6) negotiation and preparation of settlement documents, including settlement agreement, preliminary approval order, class notice and claim forms; 7) administration of the class settlement; 8) preparation of the motion and related documents for final approval, including the instant fee motion and yet to be done responses if objections are filed and proposed Final Approval Order; 9) Final Approval Hearing, and 10) continuing contact with class members offering information and assistance as requested. That description does not capture the full extent of the effort because, unlike many class actions, there was considerable individualized contact and communication with individual class members during the course of the litigation.

**E.    The Result Obtained for the Class**

The class members are people experiencing homelessness, with little financial resources. The City vigorously opposed Plaintiffs' claims. Given the challenges in the case, the financial terms of the settlement are favorable to class members. With a claim rate of approximately 90 percent, it is anticipated that every class member will receive at least $1,000, assuming no additional late claims are received.

### F.    Counsel's Experience

Class Counsel is an experienced litigator in the fields of civil rights and class actions.  Ms. Sobel is a well-known civil rights lawyers, dealing with class action litigation for people experiencing homelessness.  In support of the motion for preliminary approval and concurrent class certification, extensive information regarding the qualifications of class counsel was submitted to the Court.

### G.    Counsel's Skill

Counsel in this case are highly skilled attorneys in the field of civil rights and civil rights class actions, particularly those involving unhoused individuals.  The Court is in a position to assess for itself the skill level of plaintiffs' counsel.

### H.    The Reaction of the Class

As of the filing of this motion, there are 54 claims filed out of approximately 60 putative class members.  No objections and no opt-outs from the settlement were received; however, one late claim was rejected because the person's presence at the targeted location in September 2017 was not confirmed.

## IV.    PLAINTIFFS' ATTORNEYS' FEE REQUEST IN THIS CASE IS A SUBSTANTIALLY REDUCED LODESTAR.

### A.    Plaintiffs' Lodestar

As previously stated,Plaintiffs' claim for attorneys' fees in this case is substantially discounted below the fees that would have been sought in the absence of a settlement agreement and is based on the applicable statutory fee standards. In order to resolve this case at settlement, and avoid the risk of class members recovering nothing at trial (and in turn counsel receiving no awarded fees), Plaintiffs' counsel agreed to a drastically reduced fee.

Because the requested fee is not based on the lodestar but rather on the available segment of the settlement amount agreed to by the parties, "a less exhaustive cataloging and review of counsel's hours" is involved than where the fee is based on a lodestar directly. See, e.g., *Victoria Secret Stores, LLC*, 2008 WL

8150856, at *9 (C.D. Cal. July 21, 2008) and cases cited therein. To ensure that the representations by Plaintiffs' counsel are correct, detailed timesheets are also provided. All the time records submitted were contemporaneously maintained by the respective counsel. Documentation for the requested costs are attached as Ex. D to Ms. Sobel's Declaration in support of this motion. The table of rates and supporting documentation are set out in the concurrently filed Sobel Declaration.

Based on these hours and rates, the lodestar would be $147,402.00, excluding all time involved in administering the class settlement, or anticipated to respond to the hearing on final approval and subsequent distribution of the class fund.

**B.     Counsel's Hourly Rates Are Reasonable**

Although the attorneys' fees are capped at a low percentage, Plaintiffs present their motion based on what they consider the reasonable hourly rates and hours independent of the cap. Plaintiffs recognize that, because the award is limited and highly discounted, the court may not find it necessary to ascertain the value of the fees so long as that amount exceeds the agreed upon capped fees.[1]

Counsel's requested hourly rates are reasonable for attorneys of their skill, experience and reputation. Under both state and federal law, they are entitled to their requested rates if they are "within the range of reasonable rates charged by and judicially awarded comparable attorneys for comparable work." *Children's Hosp. & Med. Ctr. v. Bonta*, 97 Cal. App. 4th 740, 783 (Cal. Ct. App. 2002); *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987) ("requested rates [should be] in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation") (citation omitted).

Plaintiffs applied 2020 rates to calculate the lodestar and adjust for delay in payment. *See, e.g., Missouri v. Jenkins*, 491 U.S. 274, 282 (1989) ("an appropriate

---

[1] Mr. Rowland's hours are separated based on time spent as a law graduate and time spent after his admission to the Bar.

adjustment for delay in payment— whether by the application of current rather than historic hourly rates or otherwise—is within the contemplation of the statute [42 U.S.C. §1988]").   Generally, for a "fee award to be reasonable, it must be based on current, rather than historic, hourly rates." *Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1119 (C.D. Cal. 2012) (citing *Missouri v. Jenkins*). The *Charlebois* Court noted that the increase to current rates "is justified by comparable increases in the market. *See Coles v. City of Oakland*, No. C03–2961 THE, 2007 WL 39304, *7 (N.D.Cal. Jan. 4, 2007) (rejecting argument that rate increases should not surpass the rate of inflation; "the focus of the rate analysis is to ensure that fees are awarded at 'prevailing market rates in the relevant community,' and such rates may be affected by factors other than inflation, such as attorneys' additional years of experience or changes in the legal market") (quoting *Blum*, 465 U.S. at 895; *Parker v. Vulcan Materials Co. Long Term Disability Plan*, EDCV 07–1512 ABC (OPx), 2012 WL 843623, *7 (C.D.Cal. Feb. 16, 2012) (approving an approximate 10 percent increase between 2011 rates and 2012 rates because "[i]t is common practice for attorneys to periodically increase their rates for various reasons, such as to account for expertise gained over time, or to keep up with the increasing cost of maintaining a practice"). Plaintiffs previously submitted the qualifications  of lead counsel and class counsel, Carol Sobel, in support of the motion for class certification and preliminary approval of the settlement.  Plaintiffs now submit evidentiary support for their requested rates.

As one example, Judge Kronstadt approved 2019 rates for Ms. Sobel of $1,000 an hour, Ms. Alarcon of $420 an hour, and Mr. Weston as a law graduate at $250 an hour.  *See* Exhibit D to the Sobel Declaration.

The other factors generally considered are subsumed in the market rates requested, including skill and experience, novelty and difficulty of issues, rejection of other employment and results obtained. See, e.g., *Harman v. City & Cnty. of San Francisco*, 158 Cal. App. 4th 407, 416 (2007); *Hensley v. Eckerhart*, 461 U.S. 424,

429–30 and n.3, 103 S. Ct. 1933, 1937, 76 L. Ed. 2d 40 (1983) (citing 12- factor test

in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974).

### C.    Counsel's Hours Are Reasonable

The hours expended by counsel are reasonable. *See, e.g., Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker"); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001) ("Absent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for all the hours reasonably spent, including those relating solely to the fee") (emphasis in original); *Beaty v. BET Holdings, Inc*., 222 F.3d 607, 612 (9th Cir. 2000) (same) (internal quotations omitted).  Hours are reasonable if "at the time rendered, [they] would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit of a successful recovery . . . ." *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982) (internal quotations omitted). In making that determination, courts must look at "the entire course of the litigation, including pretrial matters, settlement negotiations, discovery, litigation tactics, and the trial itself . . . ." *Vo v. Las Virgenes Municipal Utility Dist.*, 79 Cal.App.4th 440, 447 (2000); see also *Peak-Las Positas Partners v. Bollag*, 171 Cal. App. 4th 101, 114 (2009) (fees reasonable based on complexity of issues, results obtained, and aggressive defense).

Plaintiffs' counsel submitted time records to document the attorney and law clerk hours incurred in this action. See Sobel Declaration, ¶¶ 8-9.  This is prima facie evidence that counsels' hours were reasonable. See *Horsford v. Bd. Of Trustees of Cal. State Univ.*, 132 Cal. App. 4th 359, 396 (2005) ("verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous."). While, in an ordinary fee motion, Plaintiffs would have exercised line by line billing judgment, or provided an across the board

1    small percentage discount to account for duplication, it was unnecessary to do so in

2    this case given the enormous reduction from the lodestar.

3    **V.    Costs**

4        Both California and federal fee shifting statutes allow reimbursement of

5    litigation expenses that "are normally charged to a fee-paying client, in the course of

6    providing legal services." *Thornberry v. Delta Air Lines, Inc.*, 676 F.2d 1240, 1244

7    (9th Cir. 1982), cert. granted, judgment vacated on other grounds, 461 U.S. 952

8    (1983).  Plaintiffs seek only filing fees and service costs.  Sobel Dec. ¶28.

9    **VI.    Conclusion**

10       For the foregoing reasons, Plaintiffs ask that the Court approve an award of

11   fees and costs to Plaintiffs' Counsel of $27,500.

12   DATED: November 2, 2020          Respectfully submitted,

13                                        _____/s/_____

14                                        By: CAROL A. SOBEL
                                          Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28