JS-6

**CAROL A. SOBEL** SBN 84483
**WESTON C. ROWLAND** SBN 327599
725 Arizona Avenue, Suite 300
Santa Monica, CA 9040
t. 310.393.3055
e. carolsobel@aol.com
e. rowlandweston@gmail.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

| | |
|---|---|
| REBECCA COOLEY, et al., <br><br> v. <br><br> The CITY OF LOS ANGELES, <br><br> Defendants. | Case No.: 2:18-cv-09053-CAS-PLAx <br><br> ORDER RE: FINAL APPROVAL OF CLASS SETTLEMENT AND ATTORNEY FEES AND COSTS <br><br> DATE: November 30, 2020 <br> TIME: 10:00 a.m. <br> CTRM: Courtroom 8D Hon. Christina Snyder |

Plaintiffs' motion for final approval of the settlement in this class action came before the Court for hearing on November 30, 2020 at 10:00 a.m. in Courtroom 8D of the United States District Court for the Central District of California - Western Division, the Honorable Christina A. Snyder, district judge presiding.

This action arises out of Defendant's seizure and summary destruction of the property of the Plaintiff class in September 2017 at and near Rose and Sunset Avenues in the Venice area of Los Angeles. The class members are persons experiencing homelessness. Plaintiffs alleged that Defendant violated their constitutional rights when City employees seized and destroyed the personal property of the class members. The City disputed these allegations.

On August 24, 2020, the Court heard Plaintiffs' unopposed motion for certification and preliminary approval of the class settlement. The Court granted the motions and set a hearing on final approval for November 30, 2020.

The terms of the settlement included payment of a total sum of $95,000 to the Client Trust Account of the Law Office of Carol Sobel and allotted as follows.

 a. incentive awards to class representatives of $3000 for a total of $9000;

 b. fees and scosts totaling $27,500 paid to the Law Office of Carol Sobel;

 c. a residual fund of $58,500 for pro rata divison among all class claimants.

The Court now considers and grants the motion for final approval and for an award of costs and fees to Class Counsel.

**I.    CLASS RESPONSE AND CLAIMS**

Pursuant to the Court's preliminary approval order, class members were provided notice and the opportunity to object. Through extensive outreach, counsel produced an extraordinary participation rate of almost 90 percent in this instance.

1

The estimated size of the class was approximately 60 individuals. A total of 53 timely and one late claim were submitted for a total of 54 class claims. *See, generally,* Declaration of Weston Rowland. Plaintiffs' counsel have incorporated the late claim in the total. The Court is informed that one additional claim was filed but that Class Counsel determined that the individual was not properly included in the putative class.

The Court previously approved payment of $3000 to each of the class representatives, for a total of $9000 in incentive awards. After payment of attorney fees and costs, the class fund totals $58,500. Each qualified claimant will receive $1,058 as a pro rata share of the class fund.

## II.   ATTORNEY FEE AND COSTS AWARD

For purposes of this motion, it is undisputed that Plaintiffs are the prevailing party. Plaintiffs have filed a concurrent motion for fees and costs. The fees and costs of $27,500 is substantially discounted below what Plaintiffs could have sought in a fee motion as the prevailing parties in a contested motion. Class Counsel seeks cost reimbursement solely for $500 to cover the filing fee and the expense of service and courtesy copies to the Court. Declaration of Carol A. Sobel at ¶28.

The $27,500 in fees is compensation for statutory fees and certain costs pursuant to 42 U.S.C. §1988 and Civil Code §52.1(h), subject to Court approval. There are no fees or costs sought for Class Administration costs (all of which were absorbed by Class Counsel).

## III.   THE LODESTAR REVIEW OF THE FEE REQUEST

Although the Court finds the requested fees and costs reasonable in light of the total sought and the work necessitated to prosecute this action, the Court conducts a lodestar review of the request. In the Ninth Circuit, courts generally

have discretion to apply either a percentage of the fund or a lodestar approach in compensating clss counsel. Where no available statutory attorneys' fee is available, the lodestar or percentage method comes from a common fund but either method can be used. *See, e.g., Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989); *In re Washington Public Power Supply System Securities Litigation*, 19 F.3d 1291, 1295 (9th Cir. 1994). However, where a statutory fee is available, such as here under §§1988 and 52.1(h), a statutory fee award would be appropriate irrespective of the size of the class damages fund. *See, e.g., Staton v. Boeing Co.*, 327 F.3d 938, 972 (9th Cir. 2003) ("in a class action involving both a statutory fee-shifting provision and an actual or putative common fund, the parties may negotiate and settle the amount of statutory fees along with the merits of the case, …[and] the amount of such attorney's fees"); *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) ("'lodestar method' appropriate in class actions brought under fee-shifting statutes "); *Laffitte v. Robert Half Internat. Inc.*, 1 Cal. 5th 480, 489, 376 P.3d 672, 676 (2016) ("Class action litigation can result in an attorney fee award pursuant to a statutory fee shifting provision or through the common fund doctrine"); *Sobel v. Hertz Corp.*, 53 F. Supp. 3d 1319, 1326 (D. Nev. 2014) ("differing purposes behind statutory fee shifting and the common fund doctrine confirm that the lodestar method is the appropriate manner for calculating reasonable attorney's fees" in a class action where a statutory fee is available).

**IV. ANALYSIS OF THE FACTORS IN SETTING AN ATTORNEYS' FEE AWARD IN CLASS ACTIONS**.

While not required by the Ninth Circuit, courts often consider the following factors when determining the reasonableness of class action fees to be awarded where the amount is a percentage of the class fund: (1) the result obtained for the

3

class; (2) the effort expended by counsel; (3) counsel's experience; (4) counsel's skill; (5) the complexity of the issues; (6) the risks of non-payment assumed by counsel; (7) the reaction of the class; and (8) comparison with counsel's lodestar. *See, e.g., In re Heritage Bond Litigation*, 2005 WL 1594403 at 18; *In re Quintus Sec. Litig.*, 148 F.Supp.2d 967, 973-74 (N.D.Cal.2001).

### A. Complex Issues and Substantial Risk Were Raised

This case involves complex issues of constitutional law: i.e., what pre- or post-deprivation notice is required for the property of unhoused persons; what accommodations must be made for unhoused persons with disabilities to remove their property from areas noticed for street and sidewalk cleaning.

### B. The Management of the Case Was Challenging

Although this case did not require database management of a large class, Plaintiffs' counsel prioritized at the outset maintaining contact with as many class members as possible. Based on their past experience in similar cases, they were aware that unhoused persons often have no phone or internet access and move in response to availability of services and enforcement action. Despite these challenges, Counsel achieved a participation rate of almost 90% of class members, a time intensive and laborious undertaking.

### C. The Risks of Non-payment Were Substantial

There was substantial risk of non-payment facing Plaintiffs' counsel. While the City had the resources to pay a judgment, Plaintiffs still had to establish that the underlying conduct was illegal. Defendant filed two motions to dismiss the action. The Court granted, in part, the first motion and, after Plaintiffs amended the complaint, denied the second motion to dismiss. Moreover, seeking substantial

amounts of money from government entities always carries risks of politics entering into the equation. Issues regarding the presence of unhoused persons "living" in public places are central to the political dialogue in Los Angeles at this time.

As was discussed in the preliminary approval motion, the fee plaintiffs are requesting will cover only a small portion of their lodestar, The actual percentage is less than 19 percent of the total fees submitted and does not include any time for administering the class settlement.

### D.     The Effort Expended by Counsel

Counsel litigated this case for more than three years. As noted above, this included responding to two motions to dismiss. In addition, because of the transient nature of an unhoused plaintiff class, counsel spent considerable time on individualized contact and communication with class members to ensure the ability to reach them concerning a settlement. The attention of Plaintiffs' counsel to the specific needs of the putative class members produced an exceptional result.

### E.     The Result Obtained for the Class

The class members are people experiencing homelessness, with little financial resources. Each class member will receive slightly more than $1,000 in damages. The Court concludes that the financial terms of the settlement are favorable to class members.

### F.     Counsel's Experience

Class Counsel is an experienced litigator in the fields of civil rights and class actions. Ms. Sobel is a well-known civil rights lawyers, dealing with class action litigation for people experiencing homelessness. In support of the motion for

5

preliminary approval and concurrent class certification, extensive information regarding the qualifications of class counsel was submitted to the Court.

### G. Counsel's Skill

Counsel in this case are highly skilled attorneys in the field of civil rights and civil rights class actions, particularly those involving unhoused individuals. The Court is in a position to assess for itself the skill level of plaintiffs' counsel.

### H. The Reaction of the Class

As of the filing of this motion, there are 54 claims filed out of approximately 60 putative class members. No objections and no opt-outs from the settlement were received; however, one claim was rejected because the person's presence at the targeted location in September 2017 was not confirmed.

## IV. PLAINTIFFS' ATTORNEYS' FEE REQUEST IN THIS CASE IS A SUBSTANTIALLY REDUCED LODESTAR.

### A. Plaintiffs' Lodestar

As previously stated, Plaintiffs' claim for attorneys' fees in this case is substantially discounted below the fees that would have been sought in the absence of a settlement agreement and is based on the applicable statutory fee standards. In order to resolve this case at settlement, and avoid the risk of class members recovering nothing at trial (and in turn counsel receiving no awarded fees), Plaintiffs' counsel agreed to a drastically reduced fee.

Because the requested fee is not based on the lodestar but rather on the available segment of the settlement amount agreed to by the parties, "a less exhaustive cataloging and review of counsel's hours" is involved than where the fee is based on a lodestar directly. See, e.g., *Victoria Secret Stores, LLC*, 2008 WL 8150856, at *9 (C.D. Cal. July 21, 2008) and cases cited therein. Plaintiffs'

counsel submitted detailed timesheets. The table of rates and supporting documentation are set out in the concurrently filed Sobel Declaration.

Based on these hours and rates, the lodestar would be $147,402.00, excluding all time involved in administering the class settlement, or preparing for the hearing on final approval and subsequent distribution of the class fund. The amount to be allotted to fees - $27,500 - is a small percentage of the total fees and costs, even excluding time spent on approval and administration of the class settlement.

### B. Counsel's Hourly Rates Are Reasonable

The lodestar is based on the following market rates: Carol Sobel (42 years experience) at $1050 an hour; Monique Alarcon (4 years experience) at $475 an hour; Weston Rowland (1 year experience) at $330 an hour; and, Weston Rowland (law graduate) at $260 an hour.

Counsel's requested hourly rates are reasonable for attorneys of their skill, experience and reputation. Ms. Sobel's qualifications were before the Court in the motion to approve her appointment as class counsel. Plaintiffs submitted several recent fee awards to them and other lawyers in the Los Angeles legal market. They are entitled to their requested rates if they are "within the range of reasonable rates charged by and judicially awarded comparable attorneys for comparable work." *Children's Hosp. & Med. Ctr. v. Bonta*, 97 Cal. App. 4th 740, 783 (Cal. Ct. App. 2002); *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987) ("requested rates [should be] in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation") (citation omitted).

Plaintiffs applied 2020 rates to calculate the lodestar and adjust for delay in payment. *See, e.g., Missouri v. Jenkins*, 491 U.S. 274, 282 (1989) ("an appropriate

7

adjustment for delay in payment— whether by the application of current rather than historic hourly rates or otherwise—is within the contemplation of the statute [42 U.S.C. §1988]"). Generally, for a "fee award to be reasonable, it must be based on current, rather than historic, hourly rates." *Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1119 (C.D. Cal. 2012) (citing *Missouri v. Jenkins*).

### C. Counsel's Hours Are Reasonable

Counsel's hours are reasonable. *See, e.g., Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker"); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001) ("Absent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for all the hours reasonably spent, including those relating solely to the fee"); *Beaty v. BET Holdings, Inc.*, 222 F.3d 607, 612 (9th Cir. 2000) (same) (internal quotations omitted). The hours incurred here "would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit of a successful recovery . . . ." *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982) (internal quotations omitted). The Court considers "the entire course of the litigation, including pretrial matters, settlement negotiations, discovery, litigation tactics, and the trial itself . . . ." *Vo v. Las Virgenes Municipal Utility Dist.*, 79 Cal.App.4th 440, 447 (2000); see also *Peak Las Positas Partners v. Bollag*, 171 Cal. App. 4th 101, 114 (2009) (fees reasonable based on complexity of issues, results obtained, and aggressive defense).

Plaintiffs' counsel submitted detailed time records to document the time incurred in this action. See Sobel Declaration, ¶¶ 8-9; Ex. A-C. This is prima facie evidence that counsels' hours are reasonable. See *Horsford v. Bd. Of Trustees of Cal. State Univ.*, 132 Cal. App. 4th 359, 396 (2005) ("verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous."). While, in an ordinary fee motion, Plaintiffs would be expected to exercise line by line billing judgment, or provide an across the board small percentage discount to account for duplication, it was unnecessary to do so here given the enormous reduction from the lodestar.

## V. Costs

Both California and federal fee shifting statutes allow reimbursement of litigation expenses that "are normally charged to a fee-paying client, in the course of providing legal services." *Thornberry v. Delta Air Lines, Inc.*, 676 F.2d 1240, 1244 (9th Cir. 1982), cert. granted, judgment vacated on other grounds, 461 U.S. 952 (1983). Plaintiffs seek only filing fees and service costs. Sobel Dec. ¶28.

## VI. Conclusion

The Court grants the motion for final approval of the settlement and approves the award of fees and costs to Plaintiffs' Counsel.

DATED: November 30, 2020          *Christine A. Snyder*
                                   UNITED STATES DISTRICT JUDGE

Lodged by,
/s/
By: CAROL A. SOBEL
Attorneys for Plaintiffs

9